IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KASIE STEVENS-BRATTON, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>  v.<br><br>TRUGREEN, INC.,<br><br>            Defendant. | NO.<br><br>**DEMAND FOR JURY** |

## CLASS ACTION COMPLAINT

### Preliminary Statement

Plaintiff Kasie Stevens-Bratton ("Plaintiff"), by her undersigned counsel, for this class action complaint against Defendant TruGreen, Inc., and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities (hereinafter referred to as "Defendant" or "TruGreen"), alleges as follows:

### I. INTRODUCTION

1. <u>Nature of Action</u>.  Plaintiff, individually and as a class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

### II. PARTIES

2. Plaintiff Kasie Stevens-Bratton is a citizen of Arkansas and resides in Bryant, Arkansas.

3. Defendant TruGreen is a Delaware corporation with its principal place of business in Memphis, Tennessee. TruGreen is thus a citizen of Tennessee. TruGreen is registered to do and is doing business in Tennessee and throughout the United States.

### III.  JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227.

5. This Court has personal jurisdiction over Defendant because they are headquartered in this District and the wrongful acts alleged in this Complaint were directed from this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because TruGreen resides in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

### IV.  THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service[.]" *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

9. The TCPA also makes it unlawful for any entity to make more than one call in a 12-month period to any number that is registered with the National Do-Not-Call Registry or that

entity's company specific do-not-call list. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2) & (d). The TCPA provides a private cause of action to persons receiving calls in violation of 47 U.S.C. § 227(c)(5).

10. The Federal Communication Commission ("FCC") promulgated regulations that "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum Opinion and Order, 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).

11. The FCC confirmed this principle in 2013, when it explained that "a seller …. may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *See In re the Joint Petition Filed by DISH Network, LLC*, 28 F.C.C. Rcd. 6574, 6574 (2013).

## V.  FACTUAL ALLEGATIONS

12. TruGreen is a national lawn care service provider headquartered in Memphis, Tennessee.

13. Part of TruGreen's strategy for increasing the volume of lawn care customers involves the use of an automatic telephone dialing system ("ATDS") and/or automated or prerecorded messages to solicit business.

14. Defendant uses ATDS equipment and software that has the capacity to store or produce telephone numbers to be called and which includes auto-dialers and predictive dialers.

15. Recipients of these calls, including Plaintiff, did not consent to receive such telephone calls.

16. TruGreen has previously been the subject of litigation for its unlawful telemarketing practices in *Chapa v. TruGreen Inc.*, No. 1-13-CV-3957 (N.D. Ill.). Judge Leinenweber granted final approval of a $4,450,000 settlement on January 27, 2015.

17. However, TruGreen has continued its unlawful conduct.

A. **Factual Allegations Regarding Plaintiff**

18. Since January 27, 2015, Plaintiff has received more than ten telemarketing calls on her cellular telephone, (501) 802-XXXX, from, or on behalf of, Defendant.

19. Whenever Plaintiff answered the calls, there was a lengthy pause and a click. Plaintiff had to say "hello" multiple times before a person came on the line, which indicated to her that the call was made using an ATDS.

20. The caller stated that they were calling on behalf of TruGreen and attempted to persuade Plaintiff to purchase lawn care services such as weed killing and frost protection.

21. Plaintiff was not in the market for lawn care and directly requested on several different calls that Defendant stop calling her.

22. Notwithstanding her request, Plaintiff continued to receive calls on her cellular telephone from, or on behalf, of Defendant.

23. Some of these calls were received thirty or more days after she explicitly instructed Defendant to stop calling.

24. Plaintiff registered her cellular telephone number with the National Do-Not-Call Registry on November 9, 2013.

25. Each of the above-described calls occurred after Plaintiff registered her cellular telephone number with the National Do-Not-Call Registry.

26. Plaintiff has never provided her cellular telephone number to Defendant.

27. Plaintiff never provided prior express consent to receive ATDS generated and/or automated or prerecorded calls on her cellular telephone from, or on behalf of, Defendant.

28. Plaintiff's privacy has been violated by the above-described calls from, or on behalf of, Defendant and they constitute a nuisance as they are annoying and harassing.

29. Defendant is responsible for making the above-described ATDS-generated and/or automated or prerecorded calls.

30. Defendant has made a significant number of ATDS-generated and/or automated or prerecorded calls to persons on their cellular telephones in Tennessee, Arkansas, and throughout the entire United States.

31. Defendant has made a significant number of telemarketing calls to persons who have registered their telephone numbers with the National Do-Not-Call Registry in Tennessee, Arkansas, and throughout the entire United States.

32. Defendant has made a significant number of telemarketing calls to persons who have explicitly requested that Defendant stop calling them in Tennessee, Arkansas, and throughout the entire United States.

33. Defendant intends to continue to make similar ATDS-generated and/or automated or prerecorded calls to persons on their cellular telephones in Tennessee, Arkansas, and throughout the entire United States.

34. Defendant intends to continue to make similar ATDS-generated and/or automated or prerecorded calls to persons who have registered their telephone numbers with the National Do-Not-Call Registry in Tennessee, Arkansas, and throughout the entire United States.

35. Defendant intends to continue to make similar ATDS-generated and/or automated or prerecorded calls to persons who have explicitly requested that Defendant stop calling them in Tennessee, Arkansas, and throughout the entire United States.

36. Plaintiff and all members of the Classes, defined in paragraph 37, below, have been harmed by the acts of Defendant because their privacy has been violated, they were subject to annoying and harassing calls that constitute a nuisance, and they were charged for incoming calls.

## VI.  CLASS ACTION ALLEGATIONS

37. <u>Class Definition</u>.  Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this case as a class action on behalf of national classes (collectively referred to as the "Classes") defined as follows:

> <u>Cell Phone Class</u>:  All persons in the United States to whom Defendant and/or a third party acting on Defendant's behalf after September 24, 2014: (a) made one or more non-emergency telephone calls; (b) promoting Defendant's goods or services; (c) to their cellular telephone number; (d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice.
>
> <u>Internal Do-Not-Call Class</u>:  All persons in the United States to whom Defendant and/or a third party acting on Defendant's behalf initiated after September 24, 2014: (a) more than one call in a 12-month period; (b) promoting Defendant's goods or services; (c) to their cellular telephone line or residential telephone line; (d) who requested to be put on Defendant's internal do-not-call list but were not so placed within a reasonable time period; and (e) are not included in the Settlement Class in the case entitled *Chapa v. TruGreen*, Case No. 1-13-CV-3957 (N.D. Ill.), which was finally approved on January 27, 2015.
>
> <u>National Do-Not-Call Class</u>:  All persons in the United States to whom Defendant and/or a third party acting on Defendant's behalf initiated on or after September 24, 2014:  (a) more than one call in a 12-month period; (b) promoting Defendant's goods or services; (c) on their cellular telephone line or residential telephone line; and

     (e) whose cellular telephone line or residential telephone line number(s) appear on the National Do-Not-Call Registry.

Excluded from the Classes are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors.  Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

  38. <u>Numerosity</u>.  The Classes are each so numerous that joinder of all members is impracticable.  On information and belief, the Classes each have more than 1,000 members.  Moreover, the disposition of the claims of the Classes in a single action will provide substantial benefits to all parties and the Court.

  39. <u>Commonality</u>.  There are numerous questions of law and fact common to Plaintiff and members of the Classes.  These common questions of law and fact include, but are not limited to, the following:

    a. As to Plaintiff and the Cell Phone Class, whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice;

    b. As to Plaintiff and the Cell Phone Class, whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice, thus entitling Plaintiff and the Cell Phone Class to treble damages;

    c. As to Plaintiff and the Internal Do-Not-Call Class, whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated 47 C.F.R. § 64.1200(d) by initiating any call for telemarketing purposes to Plaintiff and members

of the Internal Do-Not-Call Class without following procedures for maintaining a list of persons who request not to receive telemarketing calls;

       d.     As to Plaintiff and the Internal Do-Not-Call Class, whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowingly and/or willfully violated 47 C.F.R. § 64.1200(d) by failing to follow procedures for maintaining a list of persons who request not to receive telemarketing calls in the future, pursuant to 47 U.S.C. § 227(c)(5)(A), thus entitling Plaintiff and the Internal Do-Not-Call Class to treble damages;

       e.     As to Plaintiff and the National Do-Not-Call Class, whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated 47 C.F.R. § 64.1200(c) by initiating more than one telephone solicitation within a 12-month period to Plaintiff and members of the National Do-Not-Call Class who have registered their residential telephone numbers with the National Do-Not-Call Registry;

       f.     As to Plaintiff and the National Do-Not-Call Class, whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowingly and/or willfully violated 47 C.F.R. § 64.1200(c) by initiating more than one telephone solicitation within a 12-month period to Plaintiff and members of the National Do-Not-Call Class who have registered their residential telephone numbers with the National Do-Not-Call Registry, thus entitling Plaintiff and the National Do-Not-Call Class to treble damages;

       g.     Whether Defendant is liable for ATDS generated and/or automated or prerecorded calls promoting Defendant's products and/or services made by Defendant's affiliates, agents, and/or other persons or entities acting on Defendant's behalf;

       h.     Whether Defendant is liable for telephone calls to persons on Defendant's internal do-not-call list made by Defendant's affiliates, agents, and/or other persons and entities acting of Defendant's behalf;

i. Whether Defendant is liable for telephone calls to persons on the National Do-Not-Call Registry made by Defendant's affiliates, agents, and/or other persons and entities acting on Defendant's behalf; and

j. Whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf should be enjoined from violating the TCPA in the future.

40. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Classes. Plaintiff's claims, like the claims of the Classes, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

41. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Classes and have the financial resources to do so. Neither Plaintiff nor her counsel have interests that are contrary to or that conflict with those of the proposed Classes.

42. <u>Predominance</u>. Defendant has engaged in a common course of conduct toward Plaintiff and members of the Classes. The common issues arising from this conduct that affect Plaintiff and members of the Classes predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

43. <u>Superiority</u>. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendant to comply with the TCPA. The interest of members of the Classes in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present

significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

44. <u>Injunctive and Declaratory Relief Appropriate</u>.  Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a classwide basis.  Moreover, on information and belief, and based on her experience, Plaintiff alleges that the automated calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## VII.  FIRST CLAIM FOR RELIEF

**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) – Cellular Telephone Calls – Cell Phone Class)**

45. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

46. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Cell Phone Class using an ATDS and/or artificial or prerecorded voice.

47. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff

and members of the Cell Phone Class presumptively are entitled to an award of $500 in damages for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

48. Plaintiff and members of the Cell Phone Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

## VIII.  SECOND CLAIM FOR RELIEF

**(Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) – Cellular Telephone Calls – Cell Phone Class)**

49. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

50. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Cell Phone Class using an ATDS and/or artificial or prerecorded voice.

51. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the Cell Phone Class are entitled to treble damages of up to $1,500 for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

52.     Plaintiff and members of the Cell Phone Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

### IX.  THIRD CLAIM FOR RELIEF

**(Violations of 47 C.F.R. § 64.1200(d) & 47 U.S.C. § 227(c)(5) – Internal Do-Not-Call List – Internal Do-Not-Call Class)**

53.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

54.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of 47 C.F.R. § 64.1200(d), by initiating any call for telemarketing purposes to Plaintiff and members of the Internal Do-Not-Call Class, without following procedures for maintaining a list of persons who request not to receive telemarketing calls ("internal do-not-call list").  This includes Defendant's failure to properly record do-not-call requests, failure to maintain a record of do-not-call requests, and failure to honor do-not-call requests.

55.     As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of 47 C.F.R. § 64.1200(d), Plaintiff and members of the Internal Do-Not-Call Class are entitled to an award of $500 in statutory damages for each and every call in violation of the internal do-not-call list regulation, pursuant to 47 U.S.C. § 227(c)(5)(B).

56.     Plaintiff and members of the Internal Do-Not-Call Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons

or entities acting on Defendant's behalf from violating 47 C.F.R. § 64.1200(d) by failing to follow procedures for maintaining a list of persons who request not to receive telemarketing calls in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

## X.  FOURTH CLAIM FOR RELIEF

### (Knowing and/or Willful Violations of 47 C.F.R. § 64.1200(d) & 47 U.S.C. § 227(c)(5) – Internal Do-Not-Call List – Internal Do-Not-Call Class)

57.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

58.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple knowing and/or willful violations of 47 C.F.R. § 64.1200(d), by initiating any call for telemarketing purposes to Plaintiff and members of the Internal Do-Not-Call Class without following procedures for maintaining a list of persons who request not to receive telemarketing calls.  This includes Defendant's failure to properly record do-not-call requests, failure to maintain a record of do-not-call requests, and failure to honor do-not-call requests.

59.     As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowing and/or willful violations of 47 C.F.R. § 64.1200(d), Plaintiff and members of the Internal Do-Not-Call Class are entitled to an award of treble damages of up to $1,500 for each and every call in violation of the internal do-not-call list regulation, pursuant to 47 U.S.C. § 227(c)(5)(B).

60.     Plaintiff and members of the Internal Do-Not-Call Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating 47 C.F.R. § 64.1200(d) by failing to

follow procedures for maintaining a list of persons who request not to receive telemarketing calls in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

## XI.  FIFTH CLAIM FOR RELIEF

### (Violations of 47 C.F.R. § 64.1200(c) & 47 U.S.C. § 227(c)(5) – National Do-Not-Call Registry – National Do-Not-Call Class)

61. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

62. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of 47 C.F.R. § 64.1200(c), by initiating more than one telephone solicitation within a 12-month period to Plaintiff and members of the National Do-Not-Call Class who have registered their telephone numbers with the National Do-Not-Call Registry.

63. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of 47 C.F.R. § 64.1200(c), Plaintiff and members of the National Do-Not-Call Class are entitled to an award of $500 in statutory damages for each and every call initiated to them, after registering their telephone numbers with the National Do-Not-Call Registry, pursuant to 47 U.S.C. § 227(c)(5)(B).

64. Plaintiff and members of the National Do-Not-Call Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating 47 C.F.R. § 64.1200(c) by initiating more than one telephone solicitation to any residential telephone subscriber who has registered his or her telephone numbers with the National Do-Not-Call Registry in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

## XII.  SIXTH CLAIM FOR RELIEF

**(Knowing and/or Willful Violations of 47 C.F.R. § 64.1200(c) & 47 U.S.C. § 227(c)(5) – National Do-Not-Call Registry – National Do-Not-Call Class)**

65.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

66.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple knowing and/or willful violations of 47 C.F.R. § 64.1200(c), by initiating more than one telephone solicitation within a 12-month period to Plaintiff and members of the National Do-Not-Call Class who have registered their telephone numbers with the National Do-Not-Call Registry.

67.     As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowing and/or willful violations of 47 C.F.R. § 64.1200(c), Plaintiff and members of the National Do-Not-Call Class are entitled to an award of treble damages of up to $1,500 for each and every call made to them, after registering their telephone numbers with the National Do-Not-Call Registry, pursuant to 47 U.S.C. § 227(c)(5)(B).

68.     Plaintiff and members of the National Do-Not-Call Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating 47 C.F.R. § 64.1200(c) by initiating more than one telephone solicitation to any telephone subscriber who has registered his or her telephone number with the National Do-Not-Call Registry in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

## XIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of the members of the Classes, prays for judgment against Defendant as follows:

A. Certification of the proposed Classes;

B. Appointment of Plaintiff as representative of the Cell Phone Class, the Internal Do-Not-Call Class, and the National Do-Not-Call Class;

C. Appointment of the undersigned counsel as counsel for the Classes;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F. An award to Plaintiff and the Classes of damages, as allowed by law;

G. An award to Plaintiff and the Classes of attorneys' fees and costs, as allowed by law and/or equity;

H. Leave to amend this Complaint to conform to the evidence presented at trial; and

I. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## XIV.  DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 15th day of July, 2015.

/s/ Seamus T. Kelly
J. Gerard Stranch, IV, BPR #23045
Seamus T. Kelly, BPR #32202
Branstetter, Stranch & Jennings, PLLC
The Freedom Center
223 Rosa L. Parks Blvd., Suite 200
Nashville, TN 37203
gerards@bsjfirm.com
seamusk@bsjfirm.com
Telephone:  615-254-8801
Facsimile:   615-255-5419


FARUQI & FARUQI, LLP


Adam Gonnelli
Email: agonnelli@faruqilaw.com
369 Lexington Avenue, 10th Floor
New York, New York 10017
Telephone: (212) 983-9330
Facsimile:  (212) 983-9331
Email: agonnelli@faruqilaw.com

Beth E. Terrell
Email:  bterrell@tmdwlaw.com
Jennifer Rust Murray
Email:  jmurray@tmdwlaw.com
Mary B. Reiten
Email:  mreiten@tmdwlaw.com
TERRELL MARSHALL DAUDT
    & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
Telephone:  (206) 816-6603
Facsimile:  (206) 350-3528

*Attorneys for Plaintiff and the Proposed Classes*