IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KASIE STEVENS-BRATTON, individual and on behalf of all other similarly situated, ) ) | No. 2:15-cv-2472-SHM-tmp |
| ) | |
| Plaintiff, ) | Honorable Samuel H. Mays, Jr. |
| ) | |
| v. ) | |
| ) | |
| TRUGREEN, INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND PLAINTIFF'S RULE 56(d) MOTION**

**INTRODUCTION**

Without permitting Plaintiff the benefit of <u>any</u> discovery in this matter, Defendant TruGreen, Inc. ("Defendant") seeks to have the Court decide the merits of Plaintiff's claims based only on the limited evidence it wishes the Court to see. Plaintiff has had no opportunity to receive or review initial disclosures or written discovery responses, let alone follow up that review with supplemental written discovery, depositions, and expert discovery. Plaintiff requests the Court deny Defendant's motion as premature under Rule 56(d) or, in the alternative, stay Defendant's Motion for Summary Judgment until Plaintiff has had an adequate opportunity to conduct discovery on the issues raised in Defendant's motion.

**STATEMENT OF FACTS**

**A.      Procedural History**

Plaintiff filed this proposed class action on July 15, 2015, alleging that Defendant placed telemarketing calls to her cell phone using an automatic telephone dialing system ("ATDS"), in

violation of the Telephone Consumer Protection Act ("TCPA").  ECF No. 1.  Plaintiff also alleged violations of the TCPA's prohibitions on calling individuals who register their residential number on the National Do-Not-Call Registry ("NDNC" or "Registry") and on calling individuals who specifically asked Defendant not to call them.  *Id.*

On August 26, 2015, Defendant filed an answer and a motion to compel arbitration. ECF. Nos. 22, 24.  The parties' Rule 26(f) conference and all discovery deadlines were stayed while the arbitration motion was pending.  ECF No. 38.  Plaintiff was thus unable to pursue any discovery during that time.  *Id.*  On January 12, 2016, the Court granted Defendant's motion to compel arbitration and entered a final judgment.  ECF Nos. 44, 45.  Plaintiff appealed.  ECF No. 46.  On January 11, 2017, the Sixth Circuit issued an order reversing the judgment compelling arbitration and remanding the case to this Court for further proceedings.  ECF No. 50..  On March 8, 2017, the Sixth Circuit issued its mandate, formally remanding the action to this Court. ECF No. 51.

Following remand, the parties conferred regarding discovery and a case management schedule.  Declaration of J. Gerard Stranch (hereinafter "Stranch Decl.") ¶ 3.[1]  On April 11, 2017, Plaintiff circulated a proposed Rule 26(f) report that included a proposed case schedule, but Defendant declined to respond to Plaintiff's proposal.  *Id.*  Accordingly, on April 25, 2017, Plaintiff filed a motion to formally lift the stay and to address scheduling issues.  ECF No. 52; Stranch Decl. ¶ 3.  On April 26, 2017 (the very next day), Defendant filed a motion to stay the case pending the outcome of *ACA International v. FCC*, Case No. 15-1211 (D.C. Cir. 2015), or, in the alternative, pending the outcome of Defendant's concurrently filed petition for writ of certiorari to the United State Supreme Court appealing the Sixth Circuit's arbitration ruling.

---

[1] The Stranch Decl. is filed contemporaneously herewith and provided pursuant to Rule 56(d).

- 2 -

ECF No. 54.[2]  Defendant further filed a motion for protective order to prevent Plaintiff from taking discovery pending the outcomes of the appeal and certiorari petition.  ECF No. 55.  On April 27, 2017, the Court lifted the stay and set a status conference.  ECF No. 57.  After holding a status conference on June 2, 2017, the Court stayed the matter for an additional thirty days, until July 3, 2017.  ECF No. 70.

Following this additional stay, the parties finally held Rule 26(f) conferences on July 18, 2017 and July 26, 2017.  Stranch Decl. ¶ 3. The parties submitted a joint proposed scheduling order on July 31, 2017.  ECF No. 79. In the joint proposal, Defendant took the position that discovery should be bifurcated, and that class discovery should not commence until after resolution of Defendant's Motion for Summary Judgment on Plaintiff's individual claims.  *Id.*  In its briefing on the issue, Defendant relied on two carefully-drafted affidavits from TruGreen employees Ashley Yelverton and Matt Zoller.  *See* ECF Nos. 86-1 & 86-2. However, on October 19, 2017, Magistrate Judge Pham ordered that discovery should proceed in "non bifurcated form" and requested the parties submit a proposed scheduling order.  ECF No. 111. The parties held a status conference with the Magistrate Judge on November 9, 2017.  ECF No. 116. The Magistrate Judge entered an order setting the deadline to exchange initial disclosures for November 30, 2017.  ECF No. 116 at 4. The merits discovery cutoff is currently set for July 31, 2018.  ECF No. 116 at 4; Stranch Decl. ¶ 3.

Even as Plaintiff has tried to finally get this case moving more than two years after filing, Defendant has been busy filing motion after motion to try to prevent Plaintiff from ever proceeding with discovery and obtaining a decision on the merits of the case.  On July 26, 2017, Defendant filed a motion to strike Plaintiff's class allegations.  ECF No. 78.  The motion to strike

---

[2] The Supreme Court denied the petition on October 2, 2017.  ECF No. 108.

is fully briefed and pending before the Court. *Id.* On October 17, 2017, Defendant filed this motion for summary judgment. ECF No. 109.

Due to Defendant's repeated requests for a complete stay of this action and initial refusal to participate in a Rule 26(f) conference, Plaintiff has obtained no merits discovery in this matter to date. *Id.* at ¶ 3. Defendant has not even provided initial disclosures in accordance with Rule 26(a)(1)(A). *Id.* at ¶ 5. The most recent scheduling order set a deadline of November 30, 2017 for the exchange of initial disclosures. *See* ECF No. 116. Although Plaintiff provided Defendant with courtesy copies of her discovery requests on April 11, 2017, Defendant moved for a protective order. ECF No. 35. Plaintiff only recently formally served her first set of discovery requests on Defendant. Stranch Decl. ¶ 6. Responses to those requests are not even due until November 27, 2017. *Id.* Plaintiff also served a subpoena on third-party Verizon for records relating to calls placed on behalf of TruGreen but yesterday received a letter from Verizon objecting to producing the requested records. *Id.* Plaintiff's counsel will need to confer with Verizon regarding this letter and possibly move to compel. *Id.*

**B.     Discovery Needed**

In support of its Motion for Summary Judgment, Defendant submitted two carefully crafted declarations from TruGreen employees Matt Zoller and Philip Vaiden. *See* ECF Nos. 110-1 & 110-2. Relying on these declarations, two prior declarations from Mr. Zoller, and the prior declaration of TruGreen employee Ashley Yelverton, Defendant asks the Court to grant summary judgment without affording Plaintiff the opportunity to conduct discovery on the issues raised in Defendant's Motion and in the declarations. But these self-serving declarations represent an incomplete record. Plaintiff has had no opportunity to test the bases for the

conclusions reached in these affidavits through depositions, nor to conduct other discovery that will either corroborate or refute the declarations. *See* Stranch Decl. ¶¶ 6-14.

Before the Court rules on Defendant's Motion for Summary Judgment, Plaintiff needs to complete discovery on two related issues: (1) which dialing system(s) Defendant used to place calls to Plaintiff, and (2) whether those system(s) constitute ATDSs. *Id.* at ¶¶ 6-14. Plaintiff therefore seeks to: (1) obtain and review Defendant's complete calling records so that she can identify all outbound calls placed to her by Defendant, (2) obtain information about the dialing systems used, such as manuals or other information relating to those systems, in order to determine whether any of the system(s) constitute an ATDS; (3) depose Mr. Zoller, Mr. Vaiden, and Ms. Yelverton to test the accuracy of their declarations, (4) depose Defendant's 30(b)(6) corporate representative regarding the dialing system(s) used by Defendant and the calls placed by Defendant, and (5) obtain information from third-party vendors regarding the calls at issue in this case. *See id.* at ¶¶ 6-14.

Plaintiff formally served her first set of discovery requests on Defendant on October 25, 2017.[3] Stranch Decl. ¶ 6. Many of the discovery requests are directed at uncovering information directly relevant to determining whether Defendant used an ATDS to call Plaintiff and/or class members. *See id.* at ¶¶ 6-11. In addition to information regarding Defendant's dialing system(s), Plaintiff needs data regarding the calls placed by or on behalf of Defendant. *Id.* at ¶ 9. Plaintiff has subpoenaed her own cellular telephone records, but these records may show only calls answered, not every call placed. *Id.* Further, Plaintiff has identified one telephone number ((501) 562-0629) from which Defendant placed some of the calls to her cell phone. *Id.*

---

[3] Plaintiff first provided these discovery requests to Defendant informally on April 11, 2017, in order to facilitate discussion of discovery issues during the Rule 26(f) conference. Plaintiff then formally served them after completing the Rule 26(f) conference process and obtaining a ruling regarding the scope of discovery from the Magistrate Judge.

However, there may be other numbers from which calls were placed to Plaintiff by or on behalf of Defendant. *Id.* The calls to Plaintiff may have originated from another number, using an ATDS, and then passed through the (501) 562-0629 number to reach Plaintiff. *Id.* There may also be calls that Plaintiff did not answer that do not appear on Plaintiff's calling records. *Id.* Defendant may still be liable for those calls. *Id.* For these reasons, Plaintiff needs Defendant's and third parties' calling records so that Plaintiff and her expert can review them to identify all calls placed to Plaintiff's telephone number, identify the equipment used to place each call, and determine how the call was dialed or routed to Plaintiff's telephone. *Id.*

Plaintiff also seeks an opportunity to conduct depositions. *Id.* at ¶ 12. Plaintiff has not had an opportunity to depose anyone in this matter, as discovery has only just commenced, and Plaintiff has received no written discovery responses. *Id.* Once Plaintiff obtains and reviews complete answers to her discovery requests, Plaintiff will request an opportunity to depose Defendant's corporate representative regarding the dialing system(s) used by Defendant, calls placed by or on behalf of Defendant, and data reflecting the calls. *Id.* Plaintiff will also seek to depose Mr. Vaiden, Mr. Zoller, and Ms. Yelverton in order to test the basis for the facts attested to in their declarations. *Id.*

Plaintiff also needs an opportunity for her expert to review information obtained in discovery in order to determine: (1) whether any of the dialing system(s) used by Defendant constitutes an ATDS, and (2) how many calls and from what outbound telephone numbers were placed to Plaintiff and class members. *Id.* at ¶ 12.

Summary judgment is inappropriate without the benefit of this necessary discovery. As a result, Plaintiff requests the Court deny Defendant's motion under Rule 56(d) or, in the

alternative, stay the motion until Plaintiff has had a sufficient opportunity to conduct relevant discovery.

## AUTHORITY

### A. The Court Should Deny Summary Judgment On The Issue Of Whether Defendant Used An ATDS Under Rule 56(d) Because Discovery Has Just Commenced

"When a motion for summary judgment is filed, the party opposing the motion may, by affidavit, explain why he is unable to present facts essential to justify the party's opposition to the motion." *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004). This procedure is authorized by Fed. R. Civ. P. 56(d), which provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

The Sixth Circuit strongly favors denying or deferring summary judgment and granting a Rule 56(d) request where a party has not been able to obtain relevant discovery. *See White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231-32 (6th Cir. 1994) ("[A] grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery."). Indeed, "when the parties have no opportunity for discovery, . . . ruling on a summary judgment motion is likely to be an abuse of discretion." *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008); *see also Estate of Hickman v. Moore*, 502 Fed. App'x 459, 470, (6th Cir. 2012) ("We typically will find that a district court has abused its discretion in denying such a motion if the court does so when *no* discovery has occurred.") (emphasis in original); *Moore v. Henderson Cnty. Sheriff's Dep't*, No. 13-1243, 2014 U.S. Dist. LEXIS 59946, at *14-

15 (W.D. Tenn. Apr. 30, 2014).[4]  Indeed, even in cases where a party has had a significant opportunity for discovery, the Sixth Circuit has reversed a grant of summary judgment where a plaintiff shows a need for additional discovery. *See Bobo v. United Parcel Service Inc.*, 665 F.3d 741, 754 (6th Cir. 2012)

Under the TCPA, it is illegal to use an ATDS to place any call to any cellular phone line. 47 U.S.C. § 227(b)(1)(A)(iii).  An ATDS is "equipment which has the *capacity* — (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1) (emphasis added).  According to the FCC, the agency charged with interpreting and administering the TCPA, the prohibition against ATDS also includes "predictive dialers," which do not generate numbers to be dialed randomly but instead use computer software to automatically dial numbers from a stored list. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961 (2015) (the "2015 Order").  A system qualifies as an ATDS if it has the "capacity" to automatically dial numbers from a stored list, "even if it is not presently used for that purpose." *Id.* at ¶ 10; *see also Mey v. Venture Data, LLC*, 245 F. Supp. 3d 771, 789 (N.D. W.Va. 2017) (denying summary judgment because there was a question of fact as to whether the phone system constituted an ATDS).

In this case, Plaintiff has yet to receive even initial disclosures, let alone any written discovery responses, deposition testimony, or expert discovery.  *See* Stranch Decl. ¶ 10.  Plaintiff therefore requests the Court deny Defendant's summary judgment motion as premature or, in the alternative, defer a ruling on the motion until Plaintiff has had an opportunity to conduct

---

[4] Where no discovery has been taken on an issue, a court need not apply the typical five-factor test articulated in *Plott v. General Motors Corporation, Packard Electric Division*, 71 F.3d 1190, 1196-97 (6th Cir. 1995).  *See Alspaugh v. McConnell*, 643 F.3d 162, 166-67 (6th Cir. 2011).

adequate discovery on the issues raised in the motion. *See Bobo*, 665 F.3d at 752-53 (reversing grant of summary judgment where district court denied plaintiff a meaningful opportunity to conduct further discovery on relevant issues before ruling on a summary judgment motion). In accordance with Rule 56(d), Plaintiff submits the Declaration of Gerard Stranch, counsel for Plaintiff, detailing specific reasons why Plaintiff has been unable to obtain discovery and why such discovery is essential to support Plaintiff's opposition to Defendant's summary judgment motion. *See generally* Stranch Decl.

Numerous courts have denied summary judgment or deferred ruling under Rule 56(d) based on the need for discovery on the issue of whether a dialing system is an ATDS. *See Hunsinger v. Gordmans, Inc.*, No. 4:16 CV 162 DDN, 2016 U.S. Dist. LEXIS 167295, at *16 (E.D. Mo. Dec. 5. 2016) (finding that further discovery was warranted "to depose defendant's declarants and . . . to have an expert review defendant's argument about the technology used" on the issue whether text messages were sent using an ATDS); *Mendez v. Optio Solutions, LLC*, No. 16-CV-1882-AJB-KSC, 2017 U.S. Dist. LEXIS 122814, at *5-7 (S.D. Cal. Aug. 3, 2017) (finding summary judgment motion on issue whether dialing system used was an ATDS was premature where the plaintiff had had no opportunity to conduct discovery); *Holland v. Keesler Fed. Credit Union*, No. 1:15-cv306-HSO-JCG, 2016 U.S. Dist. LEXIS 177428, at *11-13 (S.D. Miss. Dec. 22, 2016) (granting plaintiff's Rule 56(d) request where defendant failed to produce documents responsive to discovery requests relating to TCPA claim, including on issue whether dialing system is an ATDS); *Sprye v. Ace Motor Acceptance Corp.*, No. PX 16-3064, 2017 U.S. Dist. LEXIS 67840, at *5 (D. Md. May 3, 2017) (concluding summary judgment on TCPA claim was inappropriate because plaintiff had not had an opportunity to complete discovery "regarding the type of telephone system [defendant] used to call Plaintiff and that system's capabilities as

well as the procedure [defendant]'s employees went through in making the calls to Plaintiff" to determine whether the calls were placed using an ATDS). This is true even where the plaintiff has had <u>some</u> opportunity to conduct discovery. *See Holland*, 2016 U.S. Dist. LEXIS 177428, at \*13 (plaintiff had deposed defendant's Rule 30(b)(6) designee and had received some written discovery, but court denied summary judgment as premature under Rule 56(d) because written discovery responses were incomplete). Where, as here, a party has had <u>no</u> opportunity to conduct discovery, the argument for application of Rule 56(d) is strong. A grant of summary judgment under these circumstances is likely to be an abuse of discretion. *See CenTra*, 538 F.3d at 420.

Plaintiff has had no opportunity to conduct discovery in this matter. The entirety of Defendant's evidentiary support for its motion is carefully crafted affidavits from Defendant's employees explaining the dialing systems purportedly used by Defendant at various times and describing limited information obtained from a self-serving, limited search of calling records. Third Zoller Decl. ¶¶ 3-9 (ECF No. 110-2); Vaiden Decl. ¶¶ 4-13 (ECF No. 110-1). Defendant asks the Court to grant summary judgment on the basis of these untested affidavits before Plaintiff has any opportunity to obtain evidence that shows that Defendant did, in fact, use an ATDS to place calls to Plaintiff. Indeed, these affidavits show that both Defendant's corporate structure and phone system dramatically changed during the relevant period, at varying degrees depending upon the exact office from which the calls were placed. *See* Third Zoller Decl. ¶¶ 3-9 (ECF No. 110-2); Vaiden Decl. ¶¶ 4-13 (ECF No. 110-1). Moreover, these affidavits failed to provide the credentials of these employees to assert the expert opinion that the phone systems did not have the capacity required to constitute an ATDS.

The additional discovery Plaintiff seeks is likely to create a genuine issue of material fact regarding whether Defendant used an ATDS to place calls to Plaintiff. Plaintiff seeks to: (1) obtain and review Defendant's complete calling records so that she can identify all outbound calls placed to her by Defendant; (2) obtain information about the dialing systems used, such as manuals or other information relating to those systems, in order to determine whether any of the system(s) constitute an ATDS; (3) depose Mr. Zoller, Mr. Vaiden, and Ms. Yelverton to test the accuracy of their declarations, (4) depose Defendant's 30(b)(6) corporate representative regarding the dialing system(s) used by Defendant and the calls placed by Defendant, and (5) obtain information from third-party vendors regarding the calls at issue in this case. *See* Stranch Decl. ¶¶ 6-14.

Plaintiff's discovery requests, which she formally served after the Rule 26(f) conference, focus on uncovering information directly relevant to determining whether Defendant used an ATDS to call Plaintiff and/or class members. *See id.* at ¶¶ 6-14. In addition to information regarding Defendant's dialing system(s) such as manuals and other specifications, Plaintiff needs calling data relating to the calls placed by or on behalf of Defendant so that she can determine whether Defendant <u>placed</u> calls using these dialing systems. *Id.* at ¶ 9. Plaintiff has subpoenaed her own cellular telephone records, but these records typically do not show every call placed; instead, they only show calls <u>answered</u> and thus are incomplete. *Id.* Further, Plaintiff has identified one telephone number ((501) 562-0629) from which Defendant placed some of the calls to her cell phone. *Id.* However, the calls to Plaintiff may have originated from another number, using an ATDS, and then passed through the (501) 562-0629 number to reach Plaintiff. *Id.* For these reasons, Plaintiff needs Defendant's and third parties' calling records so that Plaintiff and her expert can review them to identify all calls placed to Plaintiff's telephone

number, identify the equipment used to place each call, and determine how the call was dialed or routed to Plaintiff's telephone. *Id.* Plaintiff's discovery requests are thus likely to assist Plaintiff in raising genuine, triable issues of material fact necessary to oppose Defendant's Motion for Summary Judgment. *Id.* at ¶ 14.

Plaintiff also seeks an opportunity to conduct depositions. *Id.* at ¶ 12. Plaintiff has not had an opportunity to depose anyone in this matter, as discovery has only just commenced, and Plaintiff has received no written discovery responses. *Id.* Once Plaintiff obtains and reviews complete answers to her discovery requests, Plaintiff will request an opportunity to depose Defendant's corporate representative regarding the dialing system(s) used by Defendant, calls placed by or on behalf of Defendant, and data reflecting the calls. *Id.* Plaintiff will also seek to depose Mr. Vaiden, Mr. Zoller, and Ms. Yelverton in order to test the basis for the facts attested to in their declarations. *Id.*

Plaintiff also needs an opportunity for her expert to review information obtained in discovery in order to determine: (1) whether any of the dialing system(s) used by Defendant constitutes an ATDS, and (2) how many calls and from what outbound telephone numbers were placed to Plaintiff and class members. *Id.* at ¶ 9. Whether a dialing system is an ATDS is properly the subject of expert discovery. *See Hunsinger*, 2016 U.S. Dist. LEXIS 167295, at *16 (granting Rule 56(d) motion to allow plaintiff "to have an expert review defendant's argument about the technology used to send the text messages to his phone"); *Mey*, 245 F. Supp. 3d at 789 (denying summary judgment because of questions of fact raised by expert testimony as to whether the "dialing systems have the characteristics of an ATDS").

It is likely that the aforementioned discovery will assist Plaintiff in creating genuine, triable issues of material fact regarding whether the dialing system(s) used by Defendant to place

calls to Plaintiff constitute ATDSs. Stranch Decl. ¶ 14. Plaintiff therefore requests the Court deny Defendant's motion under Rule 56(d) or, at a minimum, defer ruling on the motion until Plaintiff had an opportunity to obtain relevant discovery.

**B.     The Court Should Deny Summary Judgment On The Issue Whether Plaintiff Was A "Residential Subscriber"**

Defendant suggests that because Plaintiff listed both a residential and a cell phone number on the Service Agreement, she cannot possibly have used her cell phone for residential purposes and that her do-not-call claims necessarily fail as a result. The FCC soundly rejected that exact argument in 2003, noting that "there is nothing in section 227 to suggest that only a customer's 'primary residential telephone service' was all that Congress sought to protect through the TCPA." *In re Rules & Regs. Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, 14038, ¶ 35 (July 3, 2003). The FCC "conclude[d] that wireless subscribers may participate in the national do-not-call list." *Id.* at 14039 ¶ 36. "[W]e will presume wireless subscribers who ask to be put on the national do-not-call list to be 'residential subscribers.'" *Id.*

Multiple district courts have permitted plaintiffs to proceed with NDNC claims on the basis of calls to the subscriber's cell phone. *See Hodgin v. Parker Waichman LLP*, No. 3:14-cv-733-DJH, 2015 WL 13022289, at *3 (W.D. Ky. Sept. 30, 2015) (finding defendant's "assertion that cell phone numbers are not allowed on the national do-not-call list . . . meritless" and applying presumption that any number registered on the NDNC is used for residential purposes); *United States v. Dish Network LLC*, 75 F. Supp. 3d 916, 926 (C.D. Ill. 2014) (stating that "[t]he FCC determined that . . . wireless customers could register their wireless telephone numbers on the Registry"); *Phillips v. Mozes, Inc.*, 2:12-cv-04033-JEO, 2014 WL 12589671, at *6 (N.D. Ala. Sept. 3, 2014), *report and recommendation adopted in relevant part by Phillips v. Mozes, Inc.*, 2015 WL 12806594 (Jan. 26, 2015) ("Phillips has alleged that he listed his cell phone number on

- 13 -

the do-not-call registry; this necessarily implies that he is a residential telephone subscriber with respect to that phone, since the do-not-call registry is open only to residential telephone subscribers. Put another way, Phillips could not have registered his cell phone number on the do-not-call registry unless he was a residential telephone subscriber. At the very least, his allegation that his cell phone number was listed on the do-not-call registry creates a reasonable inference that he is a residential telephone subscriber with respect to that phone."). Plaintiff may therefore proceed with her NDNC and internal do-not-call claims based on calls to her cell phone. She uses her cell phone for residential purposes. Declaration of Kasie Stevens-Bratton ("Stevens-Bratton Decl.") ¶ 2.[5] Because she alleged that she registered her cell phone number on the NDNC, she is entitled to a presumption that she was a residential subscriber. ECF No. 1 ¶ 24 ("Plaintiff registered her cellular telephone number with the National Do-Not-Call Registry on November 9, 2013.").

Moreover, regardless of the functions for which Plaintiff used her cell phone *in general*, the calls TruGreen placed to her and to class members establish that the telephones receiving the calls were being used for residential purposes *for these calls*. The stated purpose of TruGreen's calls was the sale of residential lawn care services, such as weed killing and frost protection. *See* ECF No. 1 ¶¶ 12, 20; Stevens-Bratton Decl. ¶ 3. As a result, when receiving and answering such calls, Plaintiff and class members were using the phones for residential purposes.

If the Court finds that Plaintiff has not sufficiently alleged that she used her cell phone for residential purposes or that these particular calls were for residential purposes, Plaintiff respectfully requests leave to amend the complaint to add these allegations. Any purported pleading deficiency is not an appropriate basis for granting Defendant's Summary Judgment

---

[5] This affidavit is filed contemporaneously herewith.

Motion; rather, it is at most a basis for granting a motion to dismiss the do-not-call claims without prejudice. Amendment would not be futile because Plaintiff can allege sufficient facts to support her claim that she used her cell phone for residential purposes; indeed, her declaration submitted in support of this opposition contains such facts.  *See* Stevens-Bratton Decl. ¶¶ 2-3.

## CONCLUSION

For the foregoing reasons, Plaintiff requests the Court deny Defendant's Motion for Summary Judgment under Rule 56(d).  In the alternative, Plaintiff requests the Court defer ruling on the motion until Plaintiff has had an opportunity to conduct discovery.  Any ruling now would be premature.

RESPECTFULLY SUBMITTED AND DATED this 14th day of November, 2017.

        BRANSTETTER, STRANCH &
        JENNINGS, PLLC

        By: */s/ J. Gerard Stranch, IV*
           J. Gerard Stranch, IV, BPR #23045
           Seamus T. Kelly, BPR #32202
           Benjamin A. Gastel, BPR #28699
           The Freedom Center
           223 Rosa L. Parks Blvd., Suite 200
           Nashville, Tennessee 37203
           Email:  gerards@bsjfirm.com
           Email:  seamusk@bsjfirm.com
           Email:  beng@bsjfirm.com
           Telephone: (615) 254-8801
           Facsimile: (615) 255-5419

           Beth E. Terrell, *Admitted Pro Hac Vice*
           Jennifer Rust Murray, *Admitted Pro Hac Vice*
           Mary B. Reiten, *Admitted Pro Hac Vice*
           TERRELL MARSHALL LAW GROUP PLLC
           936 North 34th Street, Suite 300
           Seattle, Washington 98103-8869
           Email: bterrell@terrellmarshall.com
           Email: jmurray@terrellmarshall.com
           Email: mreiten@terrellmarshall.com
           Telephone: (206) 816-6603

        Facsimile: (206) 319-5450

        Adam Gonnelli, *Admitted Pro Hac Vice*
        THE SULTZER LAW GROUP P.C.
        280 Highway 35, Suite 304
        Red Bank, New Jersey 07701
        Email: gonnellia@thesultzerlawgroup.com
        Telephone: (732) 741-4290
        Facsimile: (888) 749-7747

        Innessa Melamed Huot, *Admitted Pro Hac Vice*
        FARUQI & FARUQI, LLP
        685 Third Avenue
        New York, New York 10017
        Email: ihuot@faruqilaw.com
        Telephone: (212) 983-9330

*Attorneys for Plaintiff Kasie Stevens-Bratton*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 14, 2017, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter who are registered with the Court's CM/ECF system.

>George T. Lewis, III (TN #007018)
>Matthew S. Mulqueen (TN #28418)
>Austin K. Purvis (TN #32329)
>BAKER, DONELSON, BEARMAN,
>  CALDWELL & BERKOWITZ, PC
>First Tennessee Building
>165 Madison Avenue, Suite 2000
>Memphis, Tennessee 38103
>Email:  blewis@bakerdonelson.com
>Email:  mmulqueen@bakerdonelson.com
>Email:  apurvis@bakerdonelson.com
>Telephone: (901) 526-2000
>Facsimile: (901) 577-0818

*Attorneys for Defendant TruGreen, Inc.*

DATED this 14th day of November, 2017.

>BRANSTETTER, STRANCH &
>JENNINGS, PLLC
>
>By: */s/ J. Gerard Stranch, IV*
>    J. Gerard Stranch, IV, BPR #23045
>    Seamus T. Kelly, BPR #32202
>    Benjamin A. Gastel, BPR #28699
>    The Freedom Center
>    223 Rosa L. Parks Blvd., Suite 200
>    Nashville, Tennessee 37203
>    Email:  gerards@bsjfirm.com
>    Email:  seamusk@bsjfirm.com
>    Email:  beng@bsjfirm.com
>    Telephone: (615) 254-8801
>    Facsimile: (615) 255-5419

*Attorneys for Plaintiff Kasie Stevens-Bratton*