IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KASIE STEVENS-BRATTON, individual and on behalf of all other similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TRUGREEN, INC., <br><br> Defendant. | ) <br> ) No. 2:15-cv-2472-SHM-tmp <br> ) <br> ) Honorable Samuel H. Mays, Jr. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

1.      TruGreen is a national lawn care service provider headquartered in Memphis, Tennessee. *See* Complaint ¶ 12, R.1, PageID # 3.

**RESPONSE:** Undisputed.


2.      On May 15, 2013, Plaintiff executed a Service Agreement with TruGreen. *See* Service Agreement, ECF No. 22-1. Ms. Stevens-Bratton chose a wide-ranging lawn maintenance package, including weed control, winter stress recovery, nutrient boost, color enhancement, summer recovery, fall prep, and root stimulation. *See id.*

**RESPONSE:** Undisputed.


3.      On the Service Agreement, Ms. Stevens-Bratton marked a box directly above her signature stating, "My agreement is subject to the terms and conditions on the reverse side." Directly below her signature, in bold type face, the Service Agreement stated, "**The Terms and**

**Conditions on the reverse side, including the mandatory arbitration provision, are part of this agreement.**" *Id.*

**RESPONSE:** Undisputed.

4. On the reverse side, a provision titled "Contact Information" stated that providing a cell phone number was "not required to purchase TruGreen's services." *Id.*

**RESPONSE:** Undisputed.

5. In connection with executing the Service Agreement, Plaintiff provided her home telephone number (510-732-XXXX) and her cellular telephone number (501-802-XXXX) to TruGreen. These numbers were recorded on the front of the Service Agreement. *See id.*

**RESPONSE:** Undisputed that Plaintiff provided two telephone numbers in boxes labeled "Home Phone" and "Cell Phone."

6. Ms. Stevens-Bratton agreed to pay for lawn care services for an initial term of May 15, 2013 through May 15, 2014. *See id.*

**RESPONSE:** Undisputed for purposes of this motion.

7. Her individual account history shows a pattern of dissatisfaction with the services TruGreen provided her, followed by requests for refunds, discounts, or additional free services. Affidavit of Ashley Yelverton (Aug. 10, 2017), ECF No. 86-2 ("First Yelverton Aff."), ¶ 9.

**RESPONSE:** Undisputed for purposes of this motion.

8.      Over the course of her relationship with TruGreen, Ms. Stevens-Bratton's individual account records indicate that she received services from TruGreen valued at over $350.00 without paying for those services. *See* First Yelverton Aff. ¶ 20.

**RESPONSE:** Undisputed for purposes of this motion.

9.      On or about July 15, 2014, Ms. Stevens-Bratton called TruGreen to complain about her lawn maintenance services for which she had pre-paid $319.32. She requested a full refund of that amount. After speaking with her, the TruGreen representative agreed to refund her entire pre-payment balance in the amount of $319.32. First Yelverton Aff. ¶ 19.

**RESPONSE:** Undisputed for purposes of this motion.

10.     Plaintiff did not receive any lawn care services from TruGreen after July 2014. *See* First Yelverton Aff. ¶ 16.

**RESPONSE:** Undisputed.

11.     Before 2014, TruGreen had the capability to use an ATDS to place telemarketing calls to prospective customers. At that time, TruGreen was a subsidiary of ServiceMaster and operated on ServiceMaster's telephone system, which included a Private Branch Exchange ("PBX") and an Automatic Callcenter Distribution ("ACD"). A PBX is a telephone exchange or switching system that provides intercommunication between a large number of telephone stations in an organization. An ACD is software that intelligently routes and handles calls to/from TruGreen employees and customers using telephones on the PBX. ServiceMaster's PBX was self-hosted and used a system created by Cisco called Call Manager. ServiceMaster's ACD

- 3 -

was also self-hosted, and used a system created by Cisco called ICM. ServiceMaster's PBX and ACD were connected to software and hardware that allowed TruGreen to dial numbers without human intervention for telemarketing purposes. Affidavit of Philip Vaiden (Oct. 17, 2017) ("Vaiden Aff.") ¶ 4 (attached as **Exhibit A**).

**RESPONSE:** Disputed. Plaintiff has not had a sufficient opportunity to discover facts essential to demonstrate that there is a genuine issue of material fact. Stranch Decl. ¶¶ 3-14. Plaintiff therefore requests that the Court permit Plaintiff to pursue discovery on this issue under Rule 56(d).

12. On May 29, 2013, a plaintiff filed a putative class action against TruGreen in the Northern District of Illinois alleging that TruGreen violated the Telephone Consumer Protection Act ("TCPA") by making calls to cellular phones using an ATDS without prior express consent. TruGreen denied any and all wrongdoing and liability in the case. Affidavit of Matt Zoller (Oct. 17, 2017) ("Third Zoller Aff.") ¶ 5 (attached as **Exhibit B**).

**RESPONSE:** Undisputed.

13. Although TruGreen denied any violations of the TCPA in that case, TruGreen eliminated its ATDS and walled off its system from ServiceMaster's telephone systems. Third Zoller Aff. ¶ 6.

**RESPONSE:** Disputed. Plaintiff has not had a sufficient opportunity to discover facts essential to demonstrate that there is a genuine issue of material fact. Stranch Decl. ¶¶ 3-14. Plaintiff therefore requests the Court permit Plaintiff to pursue discovery on this issue under Rule 56(d).

14. As a result of litigation filed in 2013 against TruGreen alleging violation of the TCPA, ServiceMaster created a separate telephone system for TruGreen to operate on. This separate telephone system was not connected to ServiceMaster's ATDS. Starting in April 2014, TruGreen could not use an ATDS to store telephone numbers, produce telephone numbers, randomly or sequentially generate telephone numbers, or dial numbers without human intervention for telemarketing purposes. Third Zoller Aff. ¶ 7; Vaiden Aff. ¶ 6.

**RESPONSE:** Disputed. Plaintiff has not had a sufficient opportunity to discover facts essential to demonstrate that there is a genuine issue of material fact. Stranch Decl. ¶¶ 3-14. Plaintiff therefore requests the Court permit Plaintiff to pursue discovery on this issue under Rule 56(d).

15. ServiceMaster was TruGreen's parent company until January 14, 2014. Affidavit of Matt Zoller (Aug. 28, 2017), ECF No. 94-2, ("Second Zoller Aff.") ¶ 4. As part of TruGreen's spin-off from ServiceMaster, TruGreen began operating its own telephone system on or about November 10, 2014. The conversion from ServiceMaster's telephone system to TruGreen's stand-alone telephone system occurred on different dates for different TruGreen branch offices. The Little Rock, Arkansas branch converted to TruGreen's telephone system on or about February 18, 2015. The final location was converted on or about July 31, 2015. Second Zoller Aff. ¶ 5; Third Zoller Aff. ¶ 8.

**RESPONSE:** Disputed. Plaintiff has not had a sufficient opportunity to discover facts essential to demonstrate that there is a genuine issue of material fact. Stranch Decl. ¶¶ 3-14. Plaintiff therefore requests the Court permit Plaintiff to pursue discovery on this issue under Rule 56(d).

16. As part of its spin-off from ServiceMaster, TruGreen began using a Verizon hosted PBX that used Cisco's Call Manager. TruGreen used an ACD that was hosted by Verizon and called Verizon Call Center, or "VCC." Vaiden Aff. ¶¶ 7-8.

**RESPONSE:** Disputed. Plaintiff has not had a sufficient opportunity to discover facts essential to demonstrate that there is a genuine issue of material fact. Stranch Decl. ¶¶ 3-14. Plaintiff therefore requests the Court permit Plaintiff to pursue discovery on this issue under Rule 56(d).

17. Since TruGreen began operating on its own Verizon-hosted telephone system on November 10, 2014, TruGreen has not had the ability to store telephone numbers, produce telephone numbers, randomly or sequentially generate telephone numbers, or dial numbers without human intervention for telemarketing purposes. Vaiden Aff. ¶ 9; Third Zoller Aff. ¶ 9.

**RESPONSE:** Disputed. Plaintiff has not had a sufficient opportunity to discover facts essential to demonstrate that there is a genuine issue of material fact. Stranch Decl. ¶¶ 3-14. Plaintiff therefore requests the Court permit Plaintiff to pursue discovery on this issue under Rule 56(d).

18. Plaintiff's cellular telephone records show eight calls to her cellular telephone from (501) 562-0629 in 2015. Five of these calls reflect a date after January 27, 2015. *See* Verizon Records, ECF No. 105-1.

**RESPONSE:** Undisputed.

19. The outbound telephone number that appears in Plaintiff's records, (501) 562-0629, is the main telephone number for TruGreen's Little Rock branch. Vaiden Aff. ¶¶ 10-11.

**RESPONSE:** Disputed. Plaintiff has not had a sufficient opportunity to discover facts essential

to demonstrate that there is a genuine issue of material fact. Stranch Decl. ¶¶ 3-14. Plaintiff therefore requests the Court permit Plaintiff to pursue discovery on this issue under Rule 56(d).

20. The Little Rock branch converted from ServiceMaster's self-hosted PBX and ACD to TruGreen's Verizon-hosted PBX and ACD on February 18, 2015. Vaiden Aff. ¶ 7.

**RESPONSE:** Disputed. Plaintiff has not had a sufficient opportunity to discover facts essential to demonstrate that there is a genuine issue of material fact. Stranch Decl. ¶¶ 3-14. Plaintiff therefore requests the Court permit Plaintiff to pursue discovery on this issue under Rule 56(d).

21. Telephone calls can be made through the PBX alone, or through the ACD using the PBX. In 2015, both before and after the conversion from ServiceMaster's PBX and ACD to TruGreen's PBX and ACD, outbound telephone calls from the Little Rock branch made through the PBX system alone showed outbound number (501) 562-0629. Telephone calls made through the ACD showed a different outbound number that, if dialed by the customer, would send the customer to an inbound sales channel. Vaiden Aff. ¶ 10.

**RESPONSE:** Disputed. Plaintiff has not had a sufficient opportunity to discover facts essential to demonstrate that there is a genuine issue of material fact. Stranch Decl. ¶¶ 3-14. Plaintiff therefore requests the Court permit Plaintiff to pursue discovery on this issue under Rule 56(d).

22. In 2015, TruGreen did not operate or use any automatic telephone dialing system to place any telemarketing call to any prospective customer. For example, in 2015 TruGreen did not use any automatic telephone dialing system to store telephone numbers, produce telephone numbers, randomly or sequentially generate telephone numbers, or dial numbers without human

intervention for telemarketing purposes. First Zoller Aff. ¶ 6; Third Zoller Aff. ¶ 9.

**RESPONSE:** Disputed. Plaintiff has not had a sufficient opportunity to discover facts essential to demonstrate that there is a genuine issue of material fact. Stranch Decl. ¶¶ 3-14. Plaintiff therefore requests the Court permit Plaintiff to pursue discovery on this issue under Rule 56(d).

23.     When TruGreen centralized sales representatives made telemarking calls in 2015, they used VCC and software called SalesExec. When placing telemarketing calls as part of any national campaign in 2015, these sales representatives would first access and review an individual customer's information, including the customer's phone number, in SalesExec. The TruGreen sales representative would then manually dial each phone number using VCC. First Zoller Aff. ¶ 7.

**RESPONSE:** Disputed. Plaintiff has not had a sufficient opportunity to discover facts essential to demonstrate that there is a genuine issue of material fact. Stranch Decl. ¶¶ 3-14. Plaintiff therefore requests the Court permit Plaintiff to pursue discovery on this issue under Rule 56(d).

24.     SalesExec is not, and has never been, connected to TruGreen's ACD or any other part of TruGreen's telephone system. Vaiden Aff. ¶ 12.

**RESPONSE:** Disputed. Plaintiff has not had a sufficient opportunity to discover facts essential to demonstrate that there is a genuine issue of material fact. Stranch Decl. ¶¶ 3-14. Plaintiff therefore requests the Court permit Plaintiff to pursue discovery on this issue under Rule 56(d).

25.     If any TruGreen sales representative had used VCC to call Ms. Stevens-Bratton as part of a centralized sales campaign, VCC would contain a record of that call. VCC does not

contain any record of any call to Ms. Stevens-Bratton at any time. First Zoller Aff. ¶ 8.

**RESPONSE:** Disputed. Plaintiff has not had a sufficient opportunity to discover facts essential to demonstrate that there is a genuine issue of material fact. Stranch Decl. ¶¶ 3-14. Plaintiff therefore requests the Court permit Plaintiff to pursue discovery on this issue under Rule 56(d).

26. Neither ServiceMaster's PBX nor TruGreen's PBX, standing alone, have ever had the capacity to act as ATDSs. Neither system has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, or to dial such numbers. 47 U.S.C. § 227(a)(1). Vaiden Aff. ¶ 13.

**RESPONSE:** Disputed. Plaintiff has not had a sufficient opportunity to discover facts essential to demonstrate that there is a genuine issue of material fact. Stranch Decl. ¶¶ 3-14. Plaintiff therefore requests the Court permit Plaintiff to pursue discovery on this issue under Rule 56(d).

27. Because the (501) 562-0629 number was assigned to outbound calls from the Little Rock branch made through the PBX system, the telephone records indicate that these calls were made by a Little Rock branch employee manually dialing the Plaintiff's telephone number into a desktop telephone. Vaiden Aff. ¶ 11; First Zoller Aff. ¶ 9.

**RESPONSE:** Disputed. Plaintiff has not had a sufficient opportunity to discover facts essential to demonstrate that there is a genuine issue of material fact. Stranch Decl. ¶¶ 3-14. Plaintiff therefore requests the Court permit Plaintiff to pursue discovery on this issue under Rule 56(d).

28. ServiceMaster did not find data showing any calls to Plaintiff's residential telephone number. *See* Second Zoller Aff. ¶ 7. VCC does not contain any record of any call to

Ms. Stevens-Bratton at any time. Affidavit of Matt Zoller (Aug. 10, 2017), ECF No. 86-1, ("First Zoller Aff.") ¶ 6.

**RESPONSE:** Disputed. Plaintiff has not had a sufficient opportunity to discover facts essential to demonstrate that there is a genuine issue of material fact. Stranch Decl. ¶¶ 3-14. Plaintiff therefore requests the Court permit Plaintiff to pursue discovery on this issue under Rule 56(d).

RESPECTFULLY SUBMITTED AND DATED this 14th day of November, 2017.

BRANSTETTER, STRANCH &
JENNINGS, PLLC

By: */s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV, BPR #23045
Seamus T. Kelly, BPR #32202
Benjamin A. Gastel, BPR #28699
The Freedom Center
223 Rosa L. Parks Blvd., Suite 200
Nashville, Tennessee 37203
Email: gerards@bsjfirm.com
Email: seamusk@bsjfirm.com
Email: beng@bsjfirm.com
Telephone: (615) 254-8801
Facsimile: (615) 255-5419

Beth E. Terrell, *Admitted Pro Hac Vice*
Jennifer Rust Murray, *Admitted Pro Hac Vice*
Mary B. Reiten, *Admitted Pro Hac Vice*
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Email: bterrell@terrellmarshall.com
Email: jmurray@terrellmarshall.com
Email: mreiten@terrellmarshall.com
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

        Adam Gonnelli, *Admitted Pro Hac Vice*
        THE SULTZER LAW GROUP P.C.
        280 Highway 35, Suite 304
        Red Bank, New Jersey 07701
        Email: gonnellia@thesultzerlawgroup.com
        Telephone: (732) 741-4290
        Facsimile: (888) 749-7747

        Innessa Melamed Huot, *Admitted Pro Hac Vice*
        FARUQI & FARUQI, LLP
        685 Third Avenue
        New York, New York 10017
        Email:  ihuot@faruqilaw.com
        Telephone: (212) 983-9330

      *Attorneys for Plaintiff Kasie Stevens-Bratton*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 14, 2017, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter who are registered with the Court's CM/ECF system.

>George T. Lewis, III (TN #007018)
>Matthew S. Mulqueen (TN #28418)
>Austin K. Purvis (TN #32329)
>BAKER, DONELSON, BEARMAN,
>   CALDWELL & BERKOWITZ, PC
>First Tennessee Building
>165 Madison Avenue, Suite 2000
>Memphis, Tennessee 38103
>Email: blewis@bakerdonelson.com
>Email: mmulqueen@bakerdonelson.com
>Email: apurvis@bakerdonelson.com
>Telephone: (901) 526-2000
>Facsimile: (901) 577-0818
>
>*Attorneys for Defendant TruGreen, Inc.*

DATED this 14th day of November, 2017.

>By: */s/ J. Gerard Stranch, IV*
>     J. Gerard Stranch, IV, BPR #23045