IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| KASIE STEVENS-BRATTON, Individual and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 15-cv-02472-SHM-tmp |
| Plaintiff, | | |
| v. | | |
| TRUGREEN, INC., | | |
| Defendants. | | |

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Before the court by order of reference is Plaintiff Kasie Stevens-Bratton's Motion to Compel Discovery, filed on February 22, 2018. (ECF No. 128.) Defendant TruGreen, Inc., filed a response in opposition, and with leave of court, Plaintiff filed a reply and Defendant filed a sur-reply and notice of supplemental authority. The court heard argument on the motion on March 26, 2018. At the conclusion of the hearing, the court denied the motion to compel. This order will constitute the written ruling on the motion.

Plaintiff seeks an order compelling TruGreen to produce full, unredacted databases, in electronic format, reflecting the calling records made on behalf of TruGreen using the Verizon Business Solution's VCC System and TruGreen's Cisco IP Phone

systems, as specified in Plaintiff's Request for Production Numbers 14 and 15. According to Plaintiff, these records are necessary to determine the method by which TruGreen contacted Plaintiff, the time of such calls, and will help inform whether the system used by TruGreen in calling the Plaintiff constitutes an "autodialer" for purposes of the Telephone Consumer Protection Act. Request for Production Number 14 seeks production of all documents and ESI of any telemarketing calls made by TruGreen during the relevant time period, including the date and time of each call, the number of calls made, the telephone numbers called, the result of each call, the duration of the call, the persons called, the dialing mode used, the telephone numbers for all outgoing telephone lines used in making the call, the phone companies or carriers used to make the calls, and any other information regarding the calls. Request for Production Number 15 seeks all documents and ESI (substantially similar to the information described above) provided to TruGreen by any third party related to records of telemarketing calls made for purposes of generating leads and/or acquiring or identifying prospective customers for TruGreen during the relevant time period.

Plaintiff's complaint alleges that on or about January 27, 2015, TruGreen made several telemarketing calls to her cell phone using an automatic telephone dialing system ("ATDS").

Based on TruGreen's review of its own records, the calls made to Plaintiff's cell phone were made from outbound number (501) 562-0629, which is the main phone number from TruGreen's Little Rock branch location.  According to TruGreen, any employee making a call via that outbound number would have to manually enter the inbound telephone number into a desktop telephone to initiate the call.  Also, during this time period, TruGreen used a cloud-based platform provided by Verizon ("VCC"), which also required a sales representative to manually enter the customer's phone number into the Verizon system in order to initiate the telemarketing call.  According to TruGreen, the VCC system does not contain any record of any call to Plaintiff at any time.  Further, TruGreen contends that the VCC system does not qualify as an ATDS.

In response to a subpoena served upon it by Plaintiff, Verizon responded that "While Verizon Business has an agreement to provide VCC services to TruGreen, the VCC service Verizon Business provides to TruGreen is not and never has been configured to make outbound calls via automatic dialing. Verizon Business likewise does not provide – and has not provided – any other automated outbound dialer service to TruGreen."  TruGreen has represented that it has produced "all of its records relating to Ms. Stevens-Bratton (including all telephone records in its possession), policies and procedures related to

telemarketing and the TCPA, contracts and related documents regarding TruGreen's Verizon-provided telephone system, [and] a list of all outbound dialing numbers that TruGreen used for telemarketing in 2015." TruGreen has offered to make available for a Rule 30(b)(6) deposition representatives who could testify about, among other things, the computer systems, equipment, and databases used to place telemarketing calls.

Under Rule 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" after consideration of several factors, which are identified as "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

The court finds that the discovery sought by Plaintiff in her motion to compel is not proportional to the needs of the case. Based on the record before the court, TruGreen has presented considerable evidence demonstrating that Plaintiff's telemarketing calls that she received in January of 2015 were made by someone who manually dialed her number to initiate the call. To date, Plaintiff has not made any showing (other than

her allegations in the complaint) to suggest that an ATDS might have been used to contact her. Although Plaintiff does not have access to TruGreen's entire telemarketing call data, she has access to her own cell phone records. The burden and expense of producing documents and ESI for all telephone calls made by TruGreen and by third parties on behalf of TruGreen – which includes millions of interactions between TruGreen and individuals (see Affidavit of Philip Vaiden) - substantially outweigh the likely benefit to Plaintiff. Therefore, the motion to compel is DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

June 11, 2018
Date