IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KASIE STEVENS-BRATTON, individual and on behalf of all other similarly situated, | ) ) No. 2:15-cv-2472-SHM-tmp ) |
| Plaintiff, | ) Honorable Samuel H. Mays, Jr. ) |
| v. | ) ) |
| TRUGREEN, INC., | ) ) |
| Defendant. | ) |

**PLAINTIFF'S OBJECTIONS TO THE JUNE 11, 2018 ORDER
OF THE MAGISTRATE JUDGE**

**INTRODUCTION**

Plaintiff Kasie Stevens-Bratton, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, serves the following objections to the June 11, 2018 order of the magistrate judge denying Plaintiff's motion to compel Defendant TruGreen ("TruGreen") to produce the dialing records it has searched and relied upon in defending Plaintiff's individual claims.

**FACTUAL BACKGROUND**

Plaintiff, individually and on behalf of all others similarly situated, has brought claims under the Telephone Consumer Protection Act ("TCPA") alleging that TruGreen unlawfully called her without her consent to market lawn care services to Plaintiff. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to . . . a cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

The magistrate judge ordered the parties to focus their early discovery efforts on Plaintiff's individual claims. During this initial discovery period, TruGreen disclosed that it had searched its calling records and unilaterally concluded it had not called Plaintiff using an automatic telephone dialing system ("ATDS") in violation of the TCPA. However, TruGreen refused to produce in discovery the records that it admits to internally gathering and reviewing in reaching this conclusion. Such evidence is relevant and must be produced. Plaintiff sought to compel production of these relevant, already-gathered records pursuant to Fed. Rule Civ. Pro. 37 and Local Rule 26.1(b), but the magistrate judge ruled Plaintiff's request was "not proportional to the needs of the case." Order Denying Motion to Compel, Dkt. No. 147, at 4. In so doing, the magistrate judge misconstrued federal discovery rules by (1) ignoring the relevance—and, indeed, the necessity—of the requested information to the Plaintiff's case and (2) misapplying the proportionality factors under Fed. R. Civ. P. 26(b)(1).

Plaintiff respectfully requests this Court set aside the order as clearly erroneous and contrary to law under Fed. R. Civ. P. 72(a) and grant Plaintiff's motion to compel.

## ARGUMENT

### A. Standard of Review

Rule 72(a) provides that a party may serve and file objections to a magistrate judge's order on a pretrial matter within 14 days after being served with a copy of the order. The district judge must modify or set aside any part of the order that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). "The clearly erroneous standard applies only to factual findings made by the magistrate judge, while his legal conclusions [are] reviewed under the more lenient contrary to law standard." *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009) (quoting *Gandee v. Glaser*, 785 F. Supp.

684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994)). A legal conclusion is contrary to law when it "contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Steede v. Gen. Motors, LLC*, No. 11-2351-STA-dkv, 2012 WL 2089755, at *2 (W.D. Tenn. June 8, 2012); *see also* 32 Am. Jur. 2d Federal Courts § 143 (2008) ("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."). Here, the magistrate judge's order was both clearly erroneous and contrary to law because it misconstrued and misapplied the discovery standards of Fed. R. Civ. P. 26(b)(1).

**B. The Magistrate Judge's Denial of Plaintiff's Motion to Compel Was Premised on Errors of Both Law and Fact and Should Be Set Aside.**

The purpose of discovery is to enable each party to examine and test the evidence proffered by the other. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). It is "of paramount importance that litigants be accorded the authority to seek out relevant evidence that they have been granted by the federal rules." *Farley v. Farley*, 952 F. Supp. 1232, 1239 (M.D. Tenn. 1997). "To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman*, 329 U.S. at 507; *see* Fed. R. Civ. P. 37.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. 26(b)(1). Relevance is broadly construed to include "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978). When evaluating proportionality, courts consider, *inter alia*, "the parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Here, TruGreen admits that it has already gathered and analyzed the requested information, yet it refuses to give Plaintiff the opportunity to access the same information in order to verify TruGreen's assertions. The requested information is not merely relevant to Plaintiff's claims; as courts throughout the country have recognized, this type of discovery is necessary to prove claims under the TCPA. Finally, the fact that TruGreen admits it has already gathered and analyzed the requested information—the most burdensome portion of discovery—demonstrates that the magistrate judge erred in ruling that the burdens of production would "substantially outweigh the likely benefit to Plaintiff." Dk. No. 147, at 5. This Court should therefore set aside the magistrate judge's erroneous ruling and grant Plaintiff's motion to compel.

1. <u>The Requested Information is Relevant, Necessary, and Routinely Produced in TCPA Cases.</u>

Plaintiff seeks TruGreen's complete records of calls made on its behalf using Verizon Business Solution's VCC System and Cisco IP Phone systems. These records are relevant to Plaintiff's claims because they will allow Plaintiff to test TruGreen's bare assertions about the nature of its telecommunications systems and to establish the number of calls placed in violation of the TCPA.

The magistrate judge erred by assuming Plaintiff's "access to her own cell phone records" is a sufficient replacement for full discovery. Dkt. No. 147, at 5. First, the magistrate judge erroneously assumed Plaintiff's "access to her own cell phone records" should allow Plaintiff to present evidence "that an ATDS might have been used to contact her." Dkt. No 147, at 5. But Plaintiff's private cell phone records do not contain any information about the nature of TruGreen's telecommunication systems; only TruGreen's complete call records can demonstrate

whether the systems it used to call Plaintiff have the capacity to act as an ATDS. Nor do Plaintiff's private cell phone records necessarily contain evidence of every call TruGreen made in violation of the TCPA. *See Booth v. Appstack*, No. C13-1533JLR, 2015 WL 1466247, at *5 (W.D. Wash. Mar. 30, 2015) (TCPA liability turns on whether a call was "made *to* a cellular telephone," not whether the call was "received") (emphasis in original). Because Plaintiff's personal cell phone records do not show missed or incomplete calls, only TruGreen's complete call records can show how many calls it made to Plaintiff in violation of the TCPA. By denying Plaintiff's motion to compel, the magistrate judge prevented Plaintiff from testing the veracity of TruGreen's bare assertions and gathering the evidence necessary to prove essential elements of Plaintiff's claims. *See Bobo v. United Parcel Serv., Inc.*, 655 F.3d 741, 752–53 (6th Cir. 2012) (holding "the district court improperly narrowed Federal Rule of Civil Procedure 26(b)(1)" by issuing a "discovery order effectively block[ing plaintiff] from obtaining relevant and potentially admissible evidence on a critical element of his case.").

A recent TCPA discovery decision from the Seventh Circuit Court of Appeals demonstrates the errors in the magistrate judge's reasoning here. In *Franklin v. Express Text, LLC*, the Seventh Circuit ruled the district court had abused its discretion by denying the plaintiff's discovery motion seeking records showing defendant's "platform qualifies as an automatic telephone dialing system" where the defendant's bare assertion that its telecommunication platform was not an ATDS "constituted virtually the only evidence in the record." No. 17-2807, --- F. App'x ----, 2018 WL 1256089, at *2–3 (7th Cir. Mar. 12, 2018). The district court "'faulted [the plaintiff] for not producing 'a hint of evidence'" to support his allegation that defendant's system was actually an ATDS, "even though [the plaintiff] had no opportunity to gather evidence about the platform." *Id.* The Seventh Circuit ruled that this was an

abuse of discretion because the Court "d[id] not see how [plaintiff] possibly could refute the facts set forth in [defendant's] affidavit . . . without an opportunity to ask how [defendant's] system works" through discovery. *Id.* at *2. The Seventh Circuit further rejected the district court's reasoning because it would "essentially require[ the plaintiff] to take the company's word as fact without testing the premise." *Id.* at *3. The Seventh Circuit vacated and remanded the matter to the district court "so that [the plaintiff] can seek reasonable discovery." *Id.*

Similarly, in denying Plaintiff's motion to compel discovery here, the magistrate judge accepted TruGreen's bare assertions as true and denied Plaintiff the opportunity to examine the very information needed to challenge the veracity of TruGreen's carefully phrased affidavits. Rather than allow the parties to engage in a full discovery process to test each other's claims, the magistrate judge restated TruGreen's assertions as fact. Dkt. No. 147, at 3 ("According to TruGreen, the VCC system does not contain any record of any call to Plaintiff . . .[and] does not qualify as an ATDS."). The magistrate judge denied Plaintiff's motion to compel because "[t]o date, Plaintiff has not made any showing (other than her allegations in the complaint) to suggest that an ATDS might have been used to contact her." Dkt. No. 147, at 4–5. "[B]ut that argument makes [Plaintiff's] point: [Plaintiff] could not dispute that fact properly with no access to [the necessary] discovery." *Franklin*, 2018 WL 1256089, at *3. Indeed, Plaintiff is seeking discovery to make precisely the showing the magistrate judge faulted her for not making in the motion to compel. Plaintiff should not be required "to take the company's word as fact without testing the premise" through discovery. *Id.*; *see also Hunt v. 21st Mortg. Corp.*, No. 2:12-CV-2697-WMA, 2013 WL 5230061, at *3 (N.D. Ala. Sept. 17, 2013) (noting such an argument is "deviously circular: defendant hopes that plaintiff cannot obtain information through discovery because he has no evidence and cannot have evidence because he has not obtained sufficient discovery").

Just as the Seventh Circuit vacated the improper ruling of the district court in *Franklin*, so should this Court set aside the magistrate judge's order denying Plaintiff's motion to compel.

Finally, the relevance and necessity of the requested information to Plaintiff's TCPA claims is further supported by the fact that courts routinely compel extensive discovery—including complete call records—in TCPA cases. *See, e.g., O'Shea v. Am. Solar Solution, Inc.*, Case No.: 14cv894–L (RBB), 2016 WL 701215, at *3 (S.D. Cal. Feb. 18, 2016) (compelling production of defendant's outbound calling lists); *Martin v. Bureau of Collection Recovery*, No. 10 C 7725, 2011 WL 2311869, at *5 (N.D. Ill. June 13, 2011) (compelling production of defendant's calling data and overruling burden objections); *Gossett v. CMRE Fin. Servs.*, 142 F. Supp. 3d 1083, 1087 (S.D. Cal. 2015) (compelling production of defendant's outbound call lists); *Hunt*, 2013 WL 5230061, at *3 (compelling production of calling records and calling system data, rejecting defendant's unilateral claims that the system was not an "autodialer," and holding "that plaintiff may still inspect defendant's [records] in order to verify defendant's claim that the equipment did not have the required software for automatic dialing or easy installation of such."); *Donaca v. DISH Network, L.L.C.,* No. 11–cv–02910–RBJ, 2012 WL 3590765, at * 1 (D. Colo. Aug. 20, 2012) (granting plaintiff's motion to compel discovery and ordering that defendant "produce requested information and documents within its possession or subject to its control that relate to any entity that engages in outbound telemarketing of [defendant's] goods or services").

Plaintiff has requested information that is relevant to her case, necessary to prove her claims, and routinely produced in TCPA cases across the country. The magistrate judge's denial of the motion to compel is clearly erroneous and contrary to the weight of caselaw, and should therefore be set aside.

### 2. The Requested Information Is Proportional and Minimally Burdensome To Produce.

When evaluating proportionality, courts consider, *inter alia*, "the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The magistrate judge briefly recited these factors before focusing exclusively on the final factor, ruling that "[t]he burden and expense of producing" the requested information "substantially outweigh[ed] the likely benefit to Plaintiff." Dkt. No. 147, at 4–5. The magistrate judge erred by misconstruing the relative benefits and burdens of production, and by ignoring that the other proportionality factors weighed heavily in favor of Plaintiff's motion.

First, as described above, the magistrate judge failed to appropriately weigh the likely benefits of the requested information. Such information is relevant, necessary, and routinely produced in TCPA cases. The magistrate judge erred by failing to even discuss the likely benefits of this information to Plaintiff's claims. *See generally* Dkt. No. 147.

Second, the magistrate judge overestimated the burden and expense production would impose on TruGreen. Though it's true that the requested information "includes millions of interactions between TruGreen and individuals," Dkt. No. 147, at 5, the magistrate judge failed to take into account the fact that TruGreen has already gathered and analyzed all of this information. TruGreen asserts that it has already reviewed its complete VCC records for calls placed to Plaintiff, and so cannot meaningfully argue that producing those same records would be overly burdensome. Zoller Aff. ¶ 8, Dkt. No. 86-1. Plaintiff simply seeks the same records TruGreen has already admitted to gathering and reviewing. The production of already-gathered records is minimally burdensome on Tru-Green. Moreover, in response to a subpoena, Verizon has indicated it can produce the VCC records with permission from TruGreen. *See* Plaintiff's

Reply in Support of Motion to Compel Discovery, Dkt. No. 136-1, at 4. The only burden on TruGreen is to write a simple email authorizing Verizon to produce the relevant records. Those records could then be uploaded onto a hard drive and delivered to Plaintiffs at minimal cost to TruGreen.

Beyond the sheer volume of its already-reviewed VCC data, TruGreen fails to present any specific evidence to support its argument that production would be overly burdensome. "The party resisting discovery bears the burden of showing that the [discovery] imposes an undue burden and it cannot rely on a mere assertion that compliance would be burdensome without showing the manner and extent of the burden and the injurious consequences of insisting on compliance." *CSX Transp., Inc. v. ABC&D Recycling, Inc.*, Case No. 2011-30268-FDS, 2016 WL 730716, at *3 (D. Mass. Feb. 23, 2016) (citations omitted); *see also Halvorsen v. Credit Adjustments Inc.*, No. 15-cv-6228, 2016 WL 1446219, at *2 (N.D. Ill. Apr. 11, 2016) ("The mere fact that a party will be required to expend a considerable amount of time, effort, or expense in answering a discovery request is not a sufficient reason to preclude discovery.") (citation omitted); *Gilman v. ER Solutions, Inc.*, Case No. 2:11-cv-00806-JCC, ECF Dkt. No. 67, at 2 (W.D. Wash. Feb. 3, 2012) (finding that "expansive language" describing the "hundreds to thousands of hours of employee and/or attorney time" necessary and the "computational and logistical challenges" of producing the requested class discovery was insufficient to meet defendant's "burden of showing specific prejudice or harm").

In fact, the volume of call data cited by TruGreen lends significant support to Plaintiff's allegation that TruGreen used an ATDS to contact her and other members of the proposed class. TruGreen's VCC records include approximately 90,000,000 interactions between TruGreen and individuals during a 1,212-day span between November 10, 2014 and March 6, 2018. Vaiden

Aff. ¶ 9, Dkt. No. 132-6. Thus, TruGreen averaged 74,257 calls per day for over three years. Even if TruGreen employees made such calls for 12 hours a day, every day, taking no holidays off, TruGreen would have to average over 6,188 calls per hour for more than three years to produce 90,000,000 interactions. TruGreen's assertion that it has sustained this call rate for over three years without the use of an ATDS strains credulity. Rather than merely accepting these numbers as proof that production would be burdensome, the magistrate judge should have considered how TruGreen's claims about call data volume undermine its assertion that it did not use an ATDS to contact Plaintiff and other members of the proposed class.

Finally, the magistrate judge erred by failing to consider the other proportionality factors, which weigh heavily in favor of granting Plaintiff's motion to compel. For example, instead of assuming Plaintiff could prove her claims on the strength of her personal cell phone records alone, the magistrate judge should have considered "the parties' relative access to relevant information" and determined that proportionality required a more level playing field. Fed. R. Civ. P. 26(b)(1). Similarly, the magistrate judge should have considered "the importance of the discovery in resolving the issues." *Id.* As described above, the requested information is vital to resolving Plaintiff's claims. The magistrate judge erred by relying exclusively on the final proportionality factor, particularly when other factors counseled against the magistrate judge's decision.

Plaintiff seeks discovery that is both relevant to her claims and proportional to the needs of the case. The magistrate judge's assumption that Plaintiff could adequately combat TruGreen's claims by relying solely on her personal cell phone records was clearly erroneous, as was the magistrate judge's assertion that requiring TruGreen to produce records it has already gathered and analyzed would be excessively burdensome. The magistrate judge erred by issuing

an order contrary to the weight of precedent encouraging broad discovery, particularly in TCPA cases, and by ignoring all but one of the proportionality factors of Fed. R. Civ. P. 26(b)(1). The magistrate judge's order was therefore clearly erroneous and contrary to law and should be set aside under Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A).

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court set aside the order of the magistrate judge and grant Plaintiff's motion to compel.

RESPECTFULLY SUBMITTED AND DATED this 25th day of June, 2018.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Beth E. Terrell, *Admitted Pro Hac Vice*
Beth E. Terrell, *Admitted Pro Hac Vice*
Jennifer Rust Murray, *Admitted Pro Hac Vice*
Mary B. Reiten, *Admitted Pro Hac Vice*
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Email: bterrell@terrellmarshall.com
Email: jmurray@terrellmarshall.com
Email: mreiten@terrellmarshall.com
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

J. Gerard Stranch, IV, BPR #23045
Seamus T. Kelly, BPR #32202
Benjamin A. Gastel, BPR #28699
BRANSTETTER, STRANCH
 & JENNINGS, PLLC
The Freedom Center
223 Rosa L. Parks Blvd., Suite 200
Nashville, Tennessee 37203
Email: gerards@bsjfirm.com
Email: seamusk@bsjfirm.com
Email: beng@bsjfirm.com
Telephone: (615) 254-8801
Facsimile: (615) 255-5419

Adam Gonnelli, *Admitted Pro Hac Vice*
THE SULTZER LAW GROUP P.C.
280 Highway 35, Suite 304
Red Bank, New Jersey 07701
Email: gonnellia@thesultzerlawgroup.com
Telephone: (732) 741-4290
Facsimile: (888) 749-7747

Innessa Sarah Melamed, *Admitted Pro Hac Vice*
FARUQI & FARUQI, LLP
685 Third Avenue
New York, New York 10017
Email: imelamed@faruqilaw.com
Telephone: (212) 983-9330

*Attorneys for Plaintiff Kasie Stevens-Bratton*

# CERTIFICATE OF SERVICE

I hereby certify that, on June 25, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter who are registered with the Court's CM/ECF system.

>George T. Lewis, III (TN #007018)
>Matthew S. Mulqueen (TN #28418)
>Austin K. Purvis (TN #32329)
>Mitchell S. Ashkenaz (TN #034129)
>BAKER, DONELSON, BEARMAN,
>  CALDWELL & BERKOWITZ, PC
>First Tennessee Building
>165 Madison Avenue, Suite 2000
>Memphis, Tennessee 38103
>Email: blewis@bakerdonelson.com
>Email: mmulqueen@bakerdonelson.com
>Email: apurvis@bakerdonelson.com
>Email: mashkenaz@bakerdonelson.com
>Telephone: (901) 526-2000
>Facsimile: (901) 577-0818

*Attorneys for Defendant TruGreen, Inc.*

DATED this 25th day of June, 2018.

>TERRELL MARSHALL LAW GROUP PLLC
>
>By: /s/ Beth E. Terrell, *Admitted Pro Hac Vice*
>    Beth E. Terrell, *Admitted Pro Hac Vice*
>    936 North 34th Street, Suite 300
>    Seattle, Washington 98103-8869
>    Email: bterrell@terrellmarshall.com
>    Telephone: (206) 816-6603
>    Facsimile: (206) 319-5450

*Attorneys for Plaintiff Kasie Stevens-Bratton*