# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |
|---|---|
| **KASIE STEVENS-BRATTON,** individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **TRUGREEN, INC.,** <br><br> Defendant. | No. 2:15-cv-02472-SHM-tmp |

**ORDER**

On June 25, 2018, Plaintiff Kasie Stevens-Bratton filed Objections to the Order of the Magistrate Judge, entered on June 11, 2018 ("Plaintiff's Objections"). (ECF No. 146.) Plaintiff objects to the Magistrate Judge's Order denying "Plaintiff's motion to compel Defendant TruGreen [Inc.] to produce the dialing records it has searched and relied upon in defending [against] Plaintiff's individual claims." (Id. at 3121.)[1] Defendant responded on July 16, 2018. (ECF No. 151.)

For the reasons below, Plaintiff's Objections are DENIED.

---

[1] Unless otherwise noted, all pin cites for record citations are to the "PageID" page number.

## I. Background

Plaintiff alleges that Defendant unlawfully called her using an automatic telephone dialing system to market lawn care services, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

On February 22, 2018, Plaintiff filed a Motion to Compel Discovery. (ECF No. 128; see also ECF No. 129.) Plaintiff argues that Defendant's "calling records are instrumental to the present litigation" and moves the Court to compel Defendant to produce those records. (ECF No. 129 at 2828.) Defendant responded on March 8, 2018. (ECF No. 132.) Plaintiff replied on March 15, 2018. (ECF No. 136-1.) Defendant filed a sur-reply on March 20, 2018. (ECF No. 141-1.)

On March 26, 2018, United States Magistrate Judge Tu M. Pham held a hearing on Plaintiff's Motion to Compel Discovery. (ECF No. 144.) After hearing from both parties, the Magistrate Judge denied the Motion. (Id.; ECF No. 150 at 3193.) On June 11, 2018, the Magistrate Judge entered an Order (ECF No. 145), reasoning "that the discovery sought by Plaintiff in her motion to compel is not proportional to the needs of the case." (ECF No. 145 at 3119.) Because "Plaintiff has not made any showing . . . to suggest that an [autodialer] might have been used to contact her," and because "[Defendant] has presented

2

considerable evidence demonstrating that Plaintiff's telemarketing calls . . . were made by someone who manually dialed her number to initiate the call," the Magistrate Judge concluded that Plaintiff's Motion was not well taken. (Id. at 3119-20.)

On June 25, 2018, Plaintiff filed her Objections to the Order of the Magistrate Judge. (ECF No. 146.)

**II. Standard of Review**

Pursuant to Federal Rule of Civil Procedure 72(a), when a magistrate judge issues a non-dispositive order, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.; see also 28 U.S.C. § 636(b)(1)(A); Local Rule 72.1(g). Rule 72(a) provides "considerable deference to the determinations of magistrates." 7 Moore's Federal Practice ¶ 72.03.

A finding is clearly erroneous when "the reviewing court, upon review of the entire record, is left with a definite and firm conviction that a mistake has been committed." United States v. Hurst, 228 F.3d 751, 756 (6th Cir. 2000). The finding need not be the conclusion the reviewing court would have

3

reached or the best conclusion; "[r]ather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." Heights Cmty. Cong. v. Hilltop Realty, Inc., 774 F.2d 135, 140 (6th Cir. 1985) (citing Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 574 (1985)).

**III. Analysis**

Plaintiff argues that the Magistrate Judge erred in denying her Motion to Compel because Defendant's call records are "necessary to prove claims under the TCPA" and because the burden of production would not substantially outweigh the likely benefit to Plaintiff. (ECF No. 146 at 3124.) Defendant argues that production of its call records is immaterial for Plaintiff's claim and would create a significant burden that outweighs the likely benefit to Plaintiff. (ECF No. 151 at 3201 at 3208.)

Plaintiff's Objections do not demonstrate that the Magistrate Judge's conclusions were clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). Plaintiff's Objections simply reiterate the arguments made in her Motion to Compel. Plaintiff again argues that other courts have allowed discovery of call records. (Compare ECF No. 129 at 2827 ("[C]ourts regularly reject defendant's attempts in TCPA cases to

unilaterally limit the scope of discovery based on defendant's own interpretation of its outbound voice communication system) with ECF No. 146 at 3127 ("Plaintiff has requested information that is . . . routinely produced in TCPA cases across the country.") Plaintiff argues that her own cell phone records do not provide the information she has sought. (Compare ECF No. 136-1 at 3044 ("[Defendant's] records may show calls that were placed to the plaintiff that are not shown in plaintiff's billing records.") with ECF No. 146 at 3124 ("Nor do Plaintiff's private cell phone records necessarily contain evidence of every call [Defendant] made . . . . Plaintiff's personal cell phone records do not show missed or incomplete calls"). Plaintiff contends that the burden of discovery on Defendant is minimal because Defendant has already reviewed the requested material. (Compare ECF No. 136-1 at 3047 ("[Defendant] admits it has already searched the records. Plaintiff simply seeks production of the same records on which [Defendant] relies.") with ECF No. 146 at 3128 ("[Defendant] asserts that it has already reviewed its complete VCC records for calls placed to Plaintiff, and so cannot meaningfully argue that producing those same records would be overly burdensome.").

The Magistrate Judge properly evaluated the parties' arguments during the March 26, 2018 hearing, and in his June 11,

5

2018 Order.  (ECF No. 144; ECF No. 145.)  The Magistrate Judge rejected Plaintiff's proportionality argument, concluding that "the discovery sought by Plaintiff in her motion to compel is not proportional to the needs of the case."  (ECF No. 145 at 3119.)  Plaintiff is not entitled to a second review of her arguments simply because she disagrees with the Magistrate Judge's conclusion.  See Draper v. University of Tennessee, No. 08-1125, 2010 WL 11493685, at *2 (W.D. Tenn. June 7, 2010).

Plaintiff cites cases from the District of Massachusetts, Northern District of Illinois, and Western District of Washington to support her argument that the Magistrate Judge erred in his proportionality analysis.  (See ECF No. 146 at 3129.)  To the extent those cases support Plaintiff's argument, they are not binding on this Court.  The Magistrate Judge's Order was not contrary to law if it declined to follow nonbinding precedent.  Accord Allison v. Staples the Office Superstore East, Inc., No. 1:13-CV-00190-GNS, 2015 WL 3849989, at *3 (W.D. Ky. June 22, 2015) ("[Defendant] has failed to cite any case law within the district or this circuit . . . .  Thus, to say that the [Magistrate Judge's] order is contrary to law is inaccurate . . . .").

The Magistrate Judge's Order was not clearly erroneous or contrary to law.  Plaintiff's Objections are DENIED.

**IV. Conclusion**

For the foregoing reasons, Plaintiff's Objections are DENIED.  The Magistrate Judge's Order is AFFIRMED.

It is SO ORDERED this 30th day of July, 2018.

<pre>                              /s/ Samuel H. Mays, Jr.
                              SAMUEL H. MAYS, JR.
                              UNITED STATES DISTRICT JUDGE</pre>