**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **KASIE STEVENS-BRATTON,** | ) | |
| **individually and on behalf of** | ) | |
| **all others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:15-2472** |
| | ) | |
| | ) | |
| **TRUGREEN, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

On July 15, 2015, Plaintiff Kasie Stevens-Bratton filed this putative class action against Defendant TruGreen, Inc., alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). (ECF No. 1.) This order addresses two motions. The first motion is TruGreen's October 17, 2017 Motion for Summary Judgment. (ECF No. 109.) Stevens-Bratton responded on November 14, 2017. (ECF No. 117.) TruGreen replied on November 28, 2017. (ECF No. 122.)

The second motion is TruGreen's September 12, 2018 Motion for Partial Summary Judgment. (ECF No. 156.) Stevens-Bratton responded on November 9, 2018. (ECF No. 163.) TruGreen replied on November 30, 2018. (ECF No. 170.)

For the following reasons, TruGreen's October 17, 2017 Motion for Summary Judgment is DENIED in part and GRANTED in part. TruGreen's September 12, 2018 Motion for Partial Summary Judgment is DENIED AS MOOT.

## I. Background

TruGreen is a lawn care service provider with its headquarters in Memphis, Tennessee. (ECF No. 118 ¶ 1.) On May 15, 2013, Stevens-Bratton entered into an agreement with TruGreen for lawn care services. (Id. ¶ 2.) On this service agreement, Stevens-Bratton provided two telephone numbers in boxes labeled "Home Phone" and "Cell Phone." (Id. ¶ 5.) TruGreen agreed to provide lawn care services from May 15, 2013, until May 15, 2014. (Id. ¶ 3.) On November 9, 2013, Stevens-Bratton registered her cellular telephone number with the National Do-Not-Call Registry. (ECF No. 164 ¶ 14.)

On January 27, 2015, Stevens-Bratton began to receive telemarketing calls from TruGreen on her cellular telephone. (ECF No. 164 at ¶ 2.) Stevens-Bratton alleges those calls were made by an automatic telephone dialing system ("ATDS"). (See ECF No. 1 ¶¶ 29-30.) Stevens-Bratton asked TruGreen to stop calling, but the calls continued. (ECF No. 164 ¶ 14.)

On July 15, 2015, Stevens-Bratton filed this putative class action against TruGreen, alleging violations of the TCPA. (ECF No. 1.) In her complaint she states six claims. Her first two

causes of action allege that TruGreen used an ATDS to make "more than ten telemarketing calls" to her cellular telephone after January 27, 2015" in violation of 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 227(b)(3).[1] (Id. ¶¶ 18, 45-52.) Her third and fourth causes of action allege that TruGreen initiated telemarketing calls to her without following its internal procedures for maintaining a list of people who asked not to receive calls, in violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d). (Id. ¶¶ 53-60.) Her fifth and sixth causes of action allege that that TruGreen called her more than once in a twelve-month period despite her registration on the National Do-Not-Call Registry, in violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c). (Id. ¶¶ 61-68.)

On July 15, 2015, Stevens-Bratton sought class certification or, in the alternative, a stay of certification briefing pending discovery. (ECF No. 9.) On August 26, 2015, TruGreen filed an answer and a motion to dismiss and compel arbitration or, in the alternative, to stay the litigation. (ECF Nos. 22, 24.) On January 12, 2016, the Court denied Stevens-Bratton's motion for class certification, granted TruGreen's motion to compel arbitration, dismissed all claims against TruGreen, and entered a judgment for TruGreen. (ECF Nos. 44-45.) Stevens-Bratton appealed, and the

---

[1] The latter claim allows for treble damages for a knowing violation of § 227(b)(1)(A). See 47 U.S.C. § 227(b)(3).

3

Sixth Circuit reversed on January 11, 2017.  See Stevens-Bratton v. TruGreen, Inc., 675 F. App'x 563, 565 (6th Cir. 2017); (ECF No. 50).

On October 17, 2017, TruGreen filed a motion for summary judgment on all of Stevens-Bratton's claims.  (ECF No. 109.)  The parties filed timely response and reply briefs, respectively.  (ECF Nos. 117, 122.)  On September 12, 2018, TruGreen filed a motion for partial summary judgment on four of Stevens-Bratton's six claims, offering arguments different from those raised in its October 17, 2017 Motion for Summary Judgment.  (ECF No. 156.)

## II. Jurisdiction

The Court has jurisdiction over Stevens-Bratton's claims. Under 28 U.S.C. § 1331, United States district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."  Stevens-Bratton's complaint alleges violations of the TCPA.  (ECF No. 1.)  The Court has federal question jurisdiction.  See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 376 (2012); accord Charvat v. EchoStar Satellite, LLC, 630 F.3d 459, 463-65 (6th Cir. 2010).

## III. Standard of Review

Under Federal Rule of Civil Procedure 56, a court must grant a party's motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(a). The moving party must show that the nonmoving party, having had sufficient opportunity for discovery, lacks evidence to support an essential element of its case. <u>See</u> Fed. R. Civ. P. 56(c)(1); <u>Peeples v. City of Detroit</u>, 891 F.3d 622, 630 (6th Cir. 2018).

When confronted with a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine dispute for trial. <u>See</u> Fed. R. Civ. P. 56(c). "A 'genuine' dispute exists when the plaintiff presents 'significant probative evidence' 'on which a reasonable jury could return a verdict for her.'" <u>EEOC v. Ford Motor Co.</u>, 782 F.3d 753, 760 (6th Cir. 2015)(en banc) (quoting <u>Chappell v. City of Cleveland</u>, 585 F.3d 901, 913 (6th Cir. 2009)). The nonmoving party must do more than simply "show that there is some metaphysical doubt as to the material facts." <u>Lossia v. Flagstar Bancorp, Inc.</u>, 895 F.3d 423, 428 (6th Cir. 2018) (quoting <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986)).

Although summary judgment must be used carefully, it "is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut." <u>FDIC v. Jeff Miller Stables</u>, 573 F.3d 289, 294 (6th Cir. 2009) (quotation marks and citations omitted).

## IV. Analysis

### A. October 17, 2017 Motion for Summary Judgment

In TruGreen's October 17, 2017 Motion, it seeks summary judgment on all of Stevens-Bratton's claims. (ECF No. 109.) As to claims one and two, TruGreen contends that the undisputed material facts show that TruGreen did not use an ATDS to call Stevens-Bratton. (ECF No. 109-1 at 6-13.) As to claims three through six, TruGreen contends that Stevens-Bratton cannot satisfy the "residential telephone subscriber" requirement of 47 C.F.R. § 64.1200(c) & (d). (ECF No. 109-1 at 13-15.)

#### 1. Claims 1 and 2

Stevens-Bratton's first and second causes of action are brought under 47 U.S.C. § 227(b)(1)(A), which makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A). The TCPA defines the term "automatic telephone dialing system" as "equipment which has the capacity -- (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). The Federal Communications Commission ("FCC")

has decided that "predictive dialers"[2] fall within the TCPA's statutory definition of an ADTS.  See *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-93 (2003).

TruGreen argues that it is entitled to summary judgment on claims one and two because the undisputed evidence proves that it did not call Stevens-Bratton using an ATDS.  (ECF No. 109-1 at 6-13.)  Stevens-Bratton responds that summary judgment is premature because discovery had just commenced at the time TruGreen filed its Motion and she needs more time to conduct discovery on the ATDS issue.  (ECF No. 117 at 7-13.)

TruGreen is not entitled to summary judgment on Stevens-Bratton's first two claims based on the facts developed at the time of the Motion.  "It is well-established that the plaintiff must receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment."  *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

---

[2] The FCC explained that a "predictive dialer" is:

> equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls.  The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

See *Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. at 14091.

Federal Rule of Civil Procedure 56 permits a court to deny a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition . . . ." Fed. R. Civ. P. 56(d)(1); see also Summers v. Leis, 368 F.3d 881, 887 (6th Cir. 2004). "[A] grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery." White's Landing Fisheries, Inc. v. Buchholzer, 29 F.3d 229, 231-32 (6th Cir. 1994); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery . . . .") (emphasis added). The Sixth Circuit has reversed when a plaintiff showed a need for additional discovery and had conducted more discovery than Stevens-Bratton had here. See, e.g., Bobo v. United Parcel Serv. Inc., 665 F.3d 741, 754 (6th Cir. 2012). The nonmovant bears the burden of showing a need for discovery. Vance ex rel. Hammons v. United States, 90 F.3d 1145, 1149 (6th Cir. 1996).

When TruGreen filed its Motion, Stevens-Bratton had not had an opportunity to engage in meaningful discovery. The first scheduling order in this case was not entered until about three weeks after TruGreen filed its Motion. (ECF No. 116.) Initial disclosures were due about two weeks later. (See id. ¶ 3.) Stevens-Bratton had not yet had a substantive chance to procure

any discovery responses, deposition testimony, or expert testimony.

TruGreen relies principally on declarations to support its Motion. (See ECF Nos. 110-1, 110-2.) Stevens-Bratton, through an attorney declaration, submits that, when the Motion was filed, she had not yet had an opportunity to test those declarations by way of depositions, internal documents, or information from third-party vendors. (ECF No. 119 ¶¶ 2-10.) That is sufficient to preclude a grant of summary judgment at this time.

TruGreen contends that Stevens-Bratton's lack of opportunity does not matter because "[n]o amount of discovery is going to change the fact that TruGreen's employees" did not use an ATDS to call Stevens-Bratton. (ECF No. 122 at 4.) TruGreen contends that discovery would be "a futile fishing expedition." (Id.)

The parties have had the opportunity for further discovery. They can now address summary judgment on Stevens-Bratton's first two claims with the benefit of an adequate record. TruGreen's motion is DENIED on claims one and two.

**2. Claims 3, 4, 5, and 6**

Stevens-Bratton's third, fourth, fifth, and sixth causes of action allege that TruGreen violated the TCPA by: (a) initiating telemarketing calls to Stevens-Bratton without following internal procedures for maintaining a list of people who ask not to receive telemarketing calls (i.e., an internal do-not-call list); and

(b) initiating more than one telephone solicitation within a twelve-month period to Stevens-Bratton despite her registering her telephone number with the National Do-Not-Call Registry. (ECF No. 1 ¶¶ 53-68.) TruGreen makes two arguments that it is entitled to summary judgment on claims three through six: (1) Stevens-Bratton is not a "residential telephone subscriber" because she provided both a cellular telephone number and a home telephone number in her service agreement with TruGreen; and (2) Stevens-Bratton has failed to prove that she is a "residential telephone subscriber" because she does not present sufficient evidence that she used her cellular telephone for residential purposes. (ECF No. 109-1 at 13-15.) TruGreen's second argument is compelling.

Forty-Seven U.S.C. § 227(c)(5) creates a private right of action for "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection . . . ." 47 U.S.C. § 227(c)(5). One of the relevant regulations prohibits entities from placing unsolicited telephone calls to "a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry . . . ." 47 C.F.R. § 64.1200(c)(2). Another relevant regulation prohibits entities from making "call[s] for telemarketing purposes to a residential telephone subscriber unless such . . . entity has instituted procedures for maintaining

10

a list of persons who request not to receive telemarketing calls made by or on behalf of that . . . entity." 47 C.F.R. § 64.1200(d). Violation of either (or both) of those regulations supports a private cause of action. See Charvat v. NMP, LLC, 656 F.3d 440, 443-44 (6th Cir. 2011).

To succeed on a claim alleging violations of the relevant regulations, a plaintiff must prove, inter alia, that she was a "residential telephone subscriber." See 47 C.F.R. § 64.1200(c) ("No person or entity shall initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons . . . .") (emphasis added); id. § 64.1200(d) ("No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity.") (emphasis added). The TCPA does not define "residential telephone subscriber." Courts have interpreted the "residential telephone subscriber" element to require proof that the number called was used for "residential purposes." See, e.g., Lee v. Loandepot.com, LLC, No. 14-cv-01084-EFM, 2016 WL 4382786, at *6 (D. Kan. Aug. 17, 2016) (citing United States v. Dish Network, LLC, 75 F. Supp. 3d 942, 1024 (C.D. Ill.

2014), <u>vacated in part on other grounds</u>, 80 F. Supp. 3d 917, 920 (C.D. Ill. 2015)).

It is undisputed that Stevens-Bratton received calls from TruGreen on her cellular telephone. (ECF No. 164 ¶ 2.) Some courts have found that calls to cellular telephones, in part because of their inherent characteristics, categorically fail to satisfy the "residential telephone subscriber" element of the relevant TCPA regulations. <u>See</u> <u>Cunningham v. Politi</u>, No. 18-cv-00362-ALMCAN, 2019 WL 2517085, at *4 (E.D. Tex. Apr. 30, 2019) (collecting cases), <u>report and recommendation adopted by</u> 2019 WL 2524737 (E.D. Tex. June 19, 2019); <u>see also</u> <u>Shelton v. Fast Advance Funding, LLC</u>, 378 F. Supp. 3d 356, 362 n.7 (E.D. Pa. 2019) (questioning whether cellular telephone subscribers were intended to be included in the definition of "residential telephone subscriber"). One of these cases has relied on the logic that the TCPA "generally distinguishes between 'residential' lines and other protected lines, although it provides some protections to the owners of both." <u>See</u> <u>Cunningham v. Rapid Response Monitoring Servs., Inc.</u>, 251 F. Supp. 3d 1187, 1201 (M.D. Tenn. 2017) (comparing 47 U.S.C. § 427(b)(1)(B) (setting conditions for use of robo-calls to residential telephones), with 47 U.S.C. § 427(b)(1)(A)(i)-(iii) (setting conditions for use of robo-calls to cellular and other covered telephones)); <u>see also</u> <u>Bates v. I.C. Sys., Inc.</u>, No. 09-cv-103A, 2009 WL 3459740, at *2 (W.D.N.Y. Oct.

19, 2009) ("[T]he TCPA differentiates between calls made to cellular and residential lines."). The Court does not agree with those cases.

Forty-seven C.F.R. § 64.1200(e) provides that "[t]he rules set forth in paragraph (c) and (d) of this section are <u>applicable</u> to any person or entity making telephone solicitations or telemarketing calls <u>to wireless telephone numbers</u> to the extent described in the Commission's Report and Order, CG Docket No. 02–278, FCC 03–153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.'" (emphasis added). In the referenced report and order, the FCC made clear that "residential subscriber" can include "wireless subscribers" because "it is well-established that wireless subscribers often use their wireless phones in the same manner in which they use their residential wireline phones." See <u>Implementing the Tel. Consumer Prot. Act of 1991</u>, 18 F.C.C. Rcd. at 14038-39; <u>see also</u> <u>Hodgin v. Parker Waichman LLP</u>, No. 3:14-cv-733-DJH, 2015 WL 13022289, at *3 (W.D. Ky. Sept. 30, 2015). The FCC report and order expressly rejected interpreting "residential subscribers" narrowly to exclude cellular telephone numbers categorically. See <u>Implementing the Tel. Consumer Prot. Act of 1991</u>, 18 F.C.C. Rcd. at 14038 (rejecting the proposed definition of "residential subscribers" to mean "telephone service used primarily for communications in the subscriber's residence" as "far too

13

restrictive and inconsistent with the intent" of the TCPA).[3]
Cellular telephones "are now such a pervasive and insistent part
of daily life that the proverbial visitor from Mars might conclude
they were an important feature of human anatomy." Riley v.
California, 573 U.S. 373, 385 (2014). Cellular telephones can be
used for residential purposes. The privacy interests they
implicate are just as strong as wirelines, perhaps more so. See
Riley, 573 U.S. at 393-98; see also Carpenter v. United States,
138 S. Ct. 2206, 2218 (2018). A cellular telephone can satisfy
the "residential telephone subscriber" element of
§ 64.1200(c) & (d). See 47 C.F.R. § 64.1200(e); Hodgin, 2015 WL
13022289, at *3; Dish Network LLC, 75 F. Supp. 3d at 926; Phillips
v. Mozes, Inc., 2:12-cv-04033-JEO, 2014 WL 12589671, at *6 (N.D.
Ala. Sept. 3, 2014), report and recommendation adopted in relevant
part by 2015 WL 12806594 (Jan. 26, 2015); cf. Susinno v. Work Out
World Inc., 862 F.3d 346, 349 (3d Cir. 2017) ("Although it is true
that the TCPA placed particular emphasis on intrusions upon the
privacy of the home in 1991, this expression of particular concern
for residential calls does not limit—either expressly or by

---

[3] Just because Stevens-Bratton provided both a cellular telephone number
and a home telephone number in her service agreement with TruGreen, (see
ECF No. 109-1 at 14-15), does not necessarily mean that her cellular
telephone could not have been used for residential purposes. See
Implementing the Tel. Consumer Prot. Act of 1991, 18 F.C.C. Rcd. at 14038
("[T]here is nothing in section 227 to suggest that only a customer's
'primary residential telephone service' was all that Congress sought to
protect through the TCPA.").

implication—the statute's application to cell phone calls."). A plaintiff, however, must put forth evidence establishing that her cellular telephone is used for residential purposes. <u>See</u> <u>Cunningham v. McDonald</u>, No. 3:15-cv-215, 2018 WL 6737418, at *2 (M.D. Tenn. Nov. 5, 2018), <u>report and recommendation adopted by</u> 2018 WL 6198417 (M.D. Tenn. Nov. 28, 2018); <u>Cunningham v. Capital</u> <u>Advance Solutions, LLC</u>, No. 17-cv-13050-FLW, 2018 WL 6061405, at *5 (D.N.J. Nov. 20, 2018); <u>Cunningham v. Rapid Capital Funding,</u> <u>LLC/RCF</u>, No. 3:16-CV-02629, 2017 WL 3574451, at *3 (M.D. Tenn. July 27, 2017), <u>report and recommendation adopted sub nom.</u> 2017 WL 3776165 (M.D. Tenn. Aug. 31, 2017). That is where Stevens-Bratton fails.

Stevens-Bratton makes several arguments that there is a genuine issue of material fact about her ability to satisfy the residential telephone subscriber element. None is persuasive. First, she cites a declaration that she filed contemporaneously with her response to TruGreen's first motion for summary judgment. (ECF No. 117 at 14.) In her declaration, she states: "I affirm that I have used my cellular phone, (501) 802-XXXX, as both my residential line and mobile line since May 2005. I have not [sic] a dedicated landline since May 2005." (ECF No. 120 ¶ 2.) That is not enough to establish that she uses her telephone for residential purposes. The first part is conclusory and simply states the legal requirement. <u>See</u> <u>Bryant v. Kentucky</u>, 490 F.2d 1273 (6th Cir. 1974)

15

(conclusory allegations, without more, are not enough to survive summary judgment); <u>Capital Telecom Holdings II, LLC v. Grove City, Ohio</u>, 403 F. Supp. 3d 643, 649 (S.D. Ohio 2019) ("[S]elf-serving affidavits alone are not enough to create an issue of fact sufficient to survive summary judgment."); <u>Bd. of Trustees of The Plumbers v. Humbert</u>, No. 1:13-cv-4, 2016 WL 705243, at *10 (S.D. Ohio Feb. 23, 2016) (self-serving testimonial affidavits were insufficient to create a genuine issue of material fact absent other corroborating evidence) (subsequent history omitted).

The second part of Stevens-Bratton's declaration is not corroborated, but is contradicted, by the undisputed material fact that on the service agreement she signed in 2013, she provided two different telephone numbers in separate boxes labeled "Home Phone" and "Cell Phone." (<u>See</u> ECF No. 118 ¶¶ 2, 5); <u>Whitley v. Spencer Cty. Police Dep't</u>, 178 F.3d 1298, 1999 WL 196499, at *3 (6th Cir. 1999) (unpublished table decision) (affirming district court's grant of summary judgment to defendant where the evidence at the close of discovery contradicted plaintiff's self-serving affidavits and conclusory allegations). Evidence of something more is required to meet TruGreen's Motion for Summary Judgment. <u>See, e.g.</u>, <u>Capital Advance Solutions, LLC</u>, 2018 WL 6061405, at *5 ("residential subscriber" requirement satisfied at the motion to dismiss stage when plaintiff pled that he used his cellular telephone for "personal, family, and household use" and that he

"primarily relies on cellular phones to communicate with friends and family . . . uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text message[s] . . . and the phone is not primarily used for any business purpose."). Stevens-Bratton's first argument fails.

Second, Stevens-Bratton alleged in her complaint that she "registered her cellular telephone number with the National Do-Not-Call Registry on November 9, 2013." (ECF No. 1 ¶ 24.) Stevens-Bratton argues that registering is sufficient to meet her burden because the FCC presumes that "wireless subscribers who ask to be put on the national do-not-call list [are] 'residential subscribers.'" See Implementing the Tel. Consumer Prot. Act of 1991, 18 F.C.C. Rcd. at 14039. Two district courts have concluded that, at the motion to dismiss stage, an allegation that one's cellular telephone number is listed on the National Do-Not-Call Registry creates a reasonable inference that one is a residential telephone subscriber as to that telephone. See Hodgin, 2015 WL 13022289, at *3; Phillips, 2014 WL 12589671, at *6 ("Phillips has alleged that he listed his cell phone number on the do-not-call registry; this necessarily implies that he is a residential telephone subscriber with respect to that phone, since the do-not-call registry is open only to residential telephone subscribers. Put another way, Phillips could not have registered his cell phone

number on the do-not-call registry unless he was a residential telephone subscriber. At the very least, his allegation that his cell phone number was listed on the do-not-call registry creates a reasonable inference that he is a residential telephone subscriber with respect to that phone.").

The relevant part of the FCC's report and order provides:

> Moreover, we believe it is more consistent with the overall intent of the TCPA to allow wireless subscribers to benefit from the full range of TCPA protections. As indicated above, Congress afforded wireless subscribers particular protections in the context of autodialers and prerecorded calls. In addition, although Congress expressed concern with residential privacy, it also was concerned with the nuisance, expense and burden that telephone solicitations place on consumers. Therefore, we conclude that wireless subscribers may participate in the national do-not-call list. As a practical matter, since determining whether any particular wireless subscriber is a "residential subscriber" may be more fact-intensive than making the same determination for a wireline subscriber, we will presume wireless subscribers who ask to be put on the national do-not-call list to be "residential subscribers." Such a presumption, however, may require a complaining wireless subscriber to provide further proof of the validity of that presumption should we need to take enforcement action.

Implementing the Tel. Consumer Prot. Act of 1991, 18 F.C.C. Rcd. at 14039 (emphasis added). Although the FCC stated that any wireless subscriber who asks to be put on the list would be presumed to be a "residential subscriber[]," subject to further inquiry, the registrant is required to show that the cellular telephone was used for residential purposes. See id. The FCC's intent was to afford wireless subscribers privacy equal to wired

18

subscribers and to ease administrative requirements for the former. See id. The FCC did not establish an evidentiary element for all registrants on the National Do-Not-Call Registry.[4] See id.

Hodgin and Phillips allowed plaintiffs who pled that they were on the National Do-Not-Call Registry to survive a motion to dismiss because registration on the Registry leads to the reasonable inference that plaintiffs could produce proof that they were "residential telephone subscribers." See Hodgin, 2015 WL 13022289, at *3; Phillips, 2014 WL 12589671, at *6. That pleading alone is not enough to survive summary judgment. The determination about "whether any particular wireless subscriber is a 'residential subscriber'" is "fact-intensive." Implementing the Tel. Consumer Prot. Act of 1991, 18 F.C.C. Rcd. at 14039. Stevens-Bratton has submitted only a scintilla of evidence to assist this

---

[4] In addition to the "residential telephone subscriber" element, 47 C.F.R. § 64.1200(c) requires a plaintiff to prove that she registered her telephone number on the National Do-Not-Call Registry. See 47 C.F.R. § 64.1200(c) ("No person or entity shall initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons . . . .") (emphasis added). If establishing the National Do-Not-Call Registry element necessarily established the residential-telephone-subscriber element, the regulatory language requiring the latter would be superfluous. Allowing proof of registration on the National Do-Not-Call Registry to satisfy the "residential telephone subscriber" element would violate the interpretive canon against surplusage. See A. Scalia & B. Garner, Reading Law: The Interpretation of Legal Texts 140, 174 (2012) ("[E]very word and every provision is to be given effect [and n]one should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence.").

fact-intensive determination.  (See ECF No. 120 ¶ 2.)  That is not

enough.  See Anderson, 477 U.S. at 252 ("The mere existence of a

scintilla of evidence in support of the plaintiff's position will

be insufficient.").  Her second argument fails.

Third, Stevens-Bratton argues that, regardless of the purpose

for which she used her cellular telephone, the calls TruGreen

placed to her were for residential purposes because TruGreen was

trying to sell "residential lawn care services." (ECF No. 117 at

14.)  Stevens-Bratton cites no authority to support that argument.

The Court has not found any cases interpreting the TCPA's

"residential telephone subscriber" element as she does.  To do so

would turn the relevant inquiry on its head by shifting the

analysis from the consumer's use of the telephone to the caller's

purpose in making the call.  That is not consistent with the

privacy interests undergirding the TCPA: protection of consumers

from unsolicited and undesired personal intrusions no matter the

purpose.  Stevens-Bratton's third argument fails.

No other evidence in the record supports Stevens-Bratton's

argument that the cellular telephone on which TruGreen called her

was used for residential purposes.  Summary judgment in favor of

TruGreen is warranted on this issue.  See Lee, 2016 WL 4382786, at

*7 (granting summary judgment on this issue when "Plaintiff ha[d]

not come forward with any evidence showing how he used his cellular phone").[5]

> **B. September 12, 2018 Motion for Partial Summary Judgment**

In TruGreen's September 12, 2018 Motion, it moves for partial summary judgment on Stevens-Bratton's third, fourth, fifth, and sixth causes of action. (ECF No. 156.) It offers alternative arguments to those made in its October 17, 2017 Motion. (Id.) Because the Court grants TruGreen's October 17, 2017 Motion on those claims, TruGreen's September 12, 2018 Motion for Partial Summary Judgment is DENIED AS MOOT.

## V. Conclusion

For the foregoing reasons, TruGreen's October 17, 2017 Motion for Summary Judgment is DENIED in part and GRANTED in part. TruGreen's September 12, 2018 Motion for Partial Summary Judgment is DENIED AS MOOT.

---

[5] In her briefing, as an alternative to summary judgment in TruGreen's favor, Stevens-Bratton asks the Court for leave to amend her complaint to add allegations related to residential purposes. (ECF No. 117 at 14-15.) Stevens-Bratton has not filed a motion to amend. "A 'request for leave to amend almost as an aside, to the district court in a memorandum in opposition to [] defendant's [motion] is . . . not a motion to amend.'" Kuyat v. BioMimetic Therapeutics, Inc., 747 F.3d 435, 444 (6th Cir. 2014) (citing La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP, 622 F.3d 471, 486 (6th Cir. 2010)). To the extent the reference in her brief might be construed as a motion to amend, the Court denies Stevens-Bratton's request. Allowing her to amend at the summary judgment stage would be futile because she has not submitted sufficient evidence that she uses her cellular telephone for residential purposes. See Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 569 (6th Cir. 2003). Amending her complaint would not change that.

So ordered this 4th day of February, 2020.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE