# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| KASIE STEVENS-BRATTON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   15-2472-SHM-tmp |
| | ) |
| TRUGREEN, INC., | ) |
| | ) |
|     Defendant. | ) |

## ORDER GRANTING MOTION TO CONDUCT EXPERT DISCOVERY

Before the court by order of reference is Kasie Stevens-Bratton's motion for permission to conduct expert discovery. (ECF Nos. 199 & 201.) For the reasons below, the motion is GRANTED.

### I. BACKGROUND

This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Stevens-Bratton alleges that Trugreen, Inc. ("Trugreen") called her cell phone several times using an automatic telephone dialing system ("ATDS").[1] (ECF No. 1 at 5 ¶¶ 29-30.) Trugreen asserts that its telephone system does not qualify as an ATDS. (ECF No. 22.)

Before discovery, Trugreen moved for summary judgment on the grounds its telephone system did not qualify as an ATDS. (ECF No.

---

[1] Stevens-Bratton also alleged other violations of the TCPA but those claims did not survive summary judgment. (ECF No. 192.)

109.) Stevens-Bratton opposed summary judgment because she argued she needed an opportunity to conduct discovery about the features of Trugreen's telephone systems. (ECF No. 117.) Stevens-Bratton specifically argued that she needed "an opportunity for her expert to review information obtained in discovery" about the features of Trugreen's telephone systems. (Id. at 6.)

While the parties awaited a ruling on the motion for summary judgment, the court entered a scheduling order. (ECF No. 116.) The scheduling order bifurcated merits and expert discovery. Merits discovery was to be completed by July 31, 2018. (Id.) For expert discovery, the order stated that "[t]he Parties request to approach the Court and submit an additional proposed scheduling order in order to schedule expert discovery and class certification briefing at the conclusion of the merits (non-expert) discovery phase." (Id.) At the conclusion of the merits discovery period, there had not been a ruling on Trugreen's motion for summary judgment and neither party sought permission to conduct expert discovery.

On February 4, 2020, the court denied summary judgment on Stevens-Bratton's ATDS claims. (ECF No. 192.) The court ruled summary judgment was premature because at the time the motion was briefed "Stevens-Bratton had not yet had a substantive chance to procure any discovery responses, deposition testimony, or expert testimony." (Id. at 8-9.) Stevens-Bratton then filed this motion,

which was referred to the undersigned. (ECF Nos. 199 & 201.) Trugreen opposes the motion. (ECF No. 200.)

## II. ANALYSIS

The TCPA forbids any person "to make any call . . . using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A). "The term 'automatic telephone dialing system' means equipment which has the capacity — (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C.A. § 227(a)(1). Although the TCPA is thirty years old, the definition of an ATDS is an unsettled question. See Gadelhak v. AT&T Servs., Inc., 950 F.3d 458, 463 (7th Cir. 2020).

Trugreen argues the motion should be denied because expert testimony would be inadmissible, because expert testimony is unnecessary to resolve another round of summary judgment, and because Stevens-Bratton waived her opportunity to conduct expert discovery by waiting until well after the end of merits discovery. None of these arguments are persuasive. Turning to Trugreen's first argument, courts often admit expert testimony about the technical features of purported ATDSs. See Eldridge v. Pet Supermarket, Inc., No. 18-22531-CIV, 2020 WL 1076103, at *7 (S.D. Fla. Mar. 6, 2020); Morgan v. On Deck Capital, Inc., No. 3:17-CV-00045, 2019 WL 4093754, at *3 (W.D. Va. Aug. 29, 2019). The court cannot conclude

any expert testimony Stevens-Bratton may develop would be so clearly inadmissible as to bar discovery. Trugreen's second argument is also unavailing. Expert discovery may well be helpful in identifying the technical features of Trugreen's call system and allowing the parties to develop their arguments about whether Trugreen's system qualifies as an ATDS. Finally, Trugreen's waiver argument overlooks that Stevens-Bratton moved for expert discovery promptly after the court's ruling on the first summary judgment motion. Though it would perhaps have been better practice to move to conduct expert discovery earlier, given this context, Stevens-Bratton's delay was not so egregious as to constitute a waiver.

### III. CONCLUSION

For the reasons above, the motion to conduct expert discovery is GRANTED. The parties shall prepare a joint proposed scheduling order regarding expert discovery within fourteen days of entry of this order. Should the parties require additional time to submit a proposed scheduling order due to the ongoing coronavirus pandemic, the court will liberally grant extensions.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

April 9, 2020
Date