```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

|   |   |   |
|---|---|---|
| **KASIE STEVENS-BRATTON,** individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 2:15-cv-2472 |
| **TRUGREEN, INC.,** | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Before the Court is Defendant TruGreen, Inc.'s ("TruGreen") Objections to the Magistrate Judge's Order Granting Motion to Conduct Expert Discovery, filed on April 23, 2020. (ECF No. 206.) Plaintiff Kasie Stevens-Bratton responded on May 7, 2020. (ECF No. 209.) TruGreen replied on May 18, 2020. (ECF No. 220.)

For the following reasons, TruGreen's Objections are OVERRULED. The Magistrate Judge's order is AFFIRMED.

### I.  Background

Stevens-Bratton filed this putative class action against TruGreen, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). (ECF No. 1.) Stevens-Bratton alleges, inter alia, that TruGreen called her cellular telephone several times without her permission using an automatic telephone

dialing system ("ATDS"),[1] a violation of 47 U.S.C. § 227(b)(1)(A). In October 2017, TruGreen filed a motion for summary judgment, arguing, in part, that its telephone dialing system is not an ATDS. (ECF No. 109-1 at 6-13.) Stevens-Bratton opposed summary judgment, arguing, inter alia, that she had not had a sufficient opportunity to conduct discovery about the features of TruGreen's telephone dialing system and that she needed "an opportunity for her expert to review information obtained in discovery . . . ." (ECF No. 117 at 6.)

About three weeks after TruGreen filed its motion for summary judgment, the Court entered a scheduling order setting "merits (non-expert) discovery" to be completed by July 31, 2018. (ECF No. 116 at 4.) The Court expressly reserved the parties' opportunity to conduct expert discovery. (Id.) ("The Parties request to approach the Court and submit an additional proposed scheduling order in order to schedule expert discovery and class certification briefing at the conclusion of the merits (non-expert) discovery phase."). July 31, 2018 came and went. The parties did not request further discovery because they were waiting

---

[1] "The TCPA defines an ATDS as 'equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.'" Gary v. TrueBlue, Inc., 786 F. App'x 555, 556 (6th Cir. 2019) (citing 47 U.S.C. § 227(a)(1)).

for the Court's decision on TruGreen's motion for summary judgment.[2] (See ECF No. 178; No. 206 at 9; No. 220 at 3-4 ¶ 7.)

On February 4, 2020, the Court granted in part, and denied in part, TruGreen's motion for summary judgment. (ECF No. 192.) Addressing TruGreen's ATDS arguments, the Court found that "Stevens-Bratton had not yet had a substantive chance to procure any discovery responses, deposition testimony, or expert testimony." (ECF No. 192 at 8-9.) The Court said that "[t]he parties have had the opportunity for further discovery. They can now address summary judgment on Stevens-Bratton's [ATDS claims] with the benefit of an adequate record."[3] (Id. at 9.)

On February 14, 2020, the Court held a status conference at which Stevens-Bratton asserted the need to conduct expert discovery. (ECF No. 198.) Stevens-Bratton subsequently filed a motion to conduct expert discovery, (ECF No. 199), which the Court referred to the Magistrate Judge, (ECF No. 201). On April 9, 2020, the Magistrate Judge granted Stevens-Bratton's motion to conduct expert discovery. (ECF No. 205.) The Magistrate Judge found that:

> [C]ourts often admit expert testimony about the technical features of purported ATDSs. The court cannot conclude any expert testimony Stevens-Bratton may develop would be so

---

[2] In September 2018, TruGreen filed another motion for summary judgment, addressing Stevens-Bratton's other claims. (ECF No. 156.)

[3] Although the Court's commentary might be interpreted to hold that the parties need not conduct further discovery, the Court did not conclusively rule on the issue of expert discovery. Stevens-Bratton's arguments at the February 14, 2020 status conference were well-taken. The Court allowed subsequent briefing on the issue.

3

>     clearly inadmissible as to bar discovery. . . . Expert
>     discovery may well be helpful in identifying the technical
>     features of Trugreen's call system and allowing the parties
>     to develop their arguments about whether Trugreen's system
>     qualifies as an ATDS. . . . Though it would perhaps have been
>     better practice to move to conduct expert discovery earlier,
>     given this context, Stevens-Bratton's delay was not so
>     egregious as to constitute a waiver.

(Id. at 3-4) (citations omitted.) On April 23, 2020, TruGreen timely objected to the Magistrate Judge's order. (ECF No. 206.)

## II. Jurisdiction

The Court has jurisdiction over Stevens-Bratton's claims. Under 28 U.S.C. § 1331, United States district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." Stevens-Bratton's complaint alleges violations of the TCPA. (ECF No. 1.) The Court has federal question jurisdiction. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 376 (2012); accord Charvat v. EchoStar Satellite, LLC, 630 F.3d 459, 463-65 (6th Cir. 2010).

## III. Standard of Review

Pursuant to Federal Rule of Civil Procedure 72(a), when a magistrate judge issues a non-dispositive order, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.; see also 28 U.S.C. § 636(b)(1)(A); LR 72.1(g)(1). This standard of review is "limited." Massey v. City of Ferndale, 7

4

F.3d 506, 509 (6th Cir. 1993). The "clearly erroneous" standard applies to factual findings made by the magistrate judge. Gandee v. Glaser, 785 F. Supp. 684, 686 (S.D. Ohio 1992), aff'd, 19 F.3d 1432 (6th Cir. 1994) (citation omitted). The "contrary to law" standard applies to his legal conclusions. Turner v. City of Memphis, No. 17-cv-2447, 2019 WL 430934, at *2 (W.D. Tenn. Feb. 4, 2019). Rule 72(a) requires "considerable deference to the determinations of magistrates." In re Search Warrants Issued Aug. 29, 1994, 889 F. Supp. 296, 298 (S.D. Ohio 1995) (citing 7 Moore's Federal Practice ¶ 72.03). Deference "is especially appropriate where the magistrate judge has managed a . . . case from the outset and developed a thorough knowledge of the proceedings." Hyland v. Homeservices of Am., Inc., No. 3:05-cv-612, 2012 WL 1680109, at *3 (W.D. Ky. May 14, 2012) (internal citation, quotation marks, and alterations omitted).

A magistrate judge's factual findings are clearly erroneous when, on review of the entire record, "although there is evidence to support [the findings], the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); see also In re Burke, 863 F.3d 521, 528 (6th Cir. 2017) (citation omitted); United States v. Hurst, 228 F.3d 751, 756 (6th Cir. 2000). "[T]he test is whether there is evidence in the record to support the lower court's finding, and whether its construction

of that evidence is a reasonable one." Heights Cmty. Cong. v. Hilltop Realty, Inc., 774 F.2d 135, 140-41 (6th Cir. 1985) (citing Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985)).

"When examining legal conclusions under the 'contrary to law' standard, the Court may overturn 'any conclusions of law which contradict or ignore applicable [or binding] precepts of law, as found in the Constitution, statutes, or case precedent.'" Doe v. Aramark Educ. Res., Inc., 206 F.R.D. 459, 461 (M.D. Tenn. 2002) (quoting Gandee, 785 F. Supp. at 686); see also 32 Am. Jur. 2d Fed. Cts. § 140 (2018) ("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."). "Although legal authority may support an objection, the critical inquiry is whether there is legal authority that supports the magistrate's conclusion[;]" if so, the magistrate judge did not act contrary to law. Carmona v. Wright, 233 F.R.D. 270, 276 (N.D.N.Y. 2006) (citing Tompkins v. R.J. Reynolds Tobacco Co., 92 F. Supp. 2d 70, 79 (N.D.N.Y. 2000)). "That reasonable minds may differ on the wisdom of a legal conclusion does not mean it is clearly erroneous or contrary to law." Id. (citing Moss v. Enlarged City Sch. Dist. of City of Amsterdam, 166 F. Supp. 2d 668, 670 (N.D.N.Y. 2001)).

**IV. Analysis**

TruGreen argues that the Magistrate Judge acted contrary to law when he decided that: (1) expert discovery is necessary or

helpful to resolve another round of summary judgment; and (2) Stevens-Bratton did not waive her opportunity to take expert discovery. (ECF No. 206 at 13-20; No. 220 at 1 ¶ 1.)

TruGreen fails to establish that the Magistrate Judge's conclusions were contrary to law. Fed. R. Civ. P. 72(a). In its objection to the Magistrate Judge's order, TruGreen makes many of the arguments it made to the Magistrate Judge. (Compare ECF No. 206 at 13-14, 17-18, with No. 200 at 13, 17-18) (reciting arguments verbatim.) TruGreen is not entitled to a different result simply because it disagrees with the Magistrate Judge's ultimate conclusion. See Draper v. University of Tennessee, No. 08-1125, 2010 WL 11493685, at *1-2 (W.D. Tenn. June 7, 2010).

### A. Expert Discovery

TruGreen argues that the Magistrate Judge acted contrary to law when he decided that expert discovery would be necessary or helpful in deciding summary judgment. (ECF No. 206 at 13-17.)

In reaching his decision that "[e]xpert testimony may well be helpful in identifying the technical features of Tru[G]reen's call system," the Magistrate Judge cited Eldridge v. Pet Supermarket, Inc., No. 18-cv-22531, 2020 WL 1076103, at *7 (S.D. Fla. Mar. 6, 2020), and Morgan v. On Deck Capital, Inc., No. 3:17-cv-00045, 2019 WL 4093754, at *3 (W.D. Va. Aug. 29, 2019), for the proposition that "courts often admit expert testimony about the technical features of purported ATDSs." (ECF No. 205 at 3.)

TruGreen argues that "[t]his Court does not need an expert to conclude [that] TruGreen's [telephony system] do[es] not violate the TCPA[,]" because "[m]any courts in many jurisdictions have granted summary judgment to defendants without the aid of expert testimony where the defendant . . . offers proof that its telephony system cannot function as an ATDS." (ECF No. 206 at 14) (collecting cases.)

TruGreen's argument fails for two reasons. First, the proposition that courts sometimes grant summary judgment on the ATDS issue without expert testimony is not equivalent to the proposition that expert testimony is barred in determining whether a specific telephony dialing system can function as an ATDS. Second, although there may be legal authority to support TruGreen's argument, see, e.g., Wattie-Bey v. Modern Recovery Sols., No. 1:14-CV-01769, 2016 WL 1253489, at *4 (M.D. Pa. Mar. 10, 2016), report and recommendation adopted, No. 1:14-CV-1769, 2016 WL 1242194 (M.D. Pa. Mar. 30, 2016) (not addressing any issue of expert testimony but granting summary judgment when there was insufficient evidence in the record to support plaintiff's claim that he was called using an ATDS), there is legal authority to support the Magistrate Judge's conclusion, see, e.g., Eldridge, 2020 WL 1076103, at *7; Morgan, WL 4093754, at *3; Perez v. Rash Curtis & Assocs., No. 16-cv-03396, 2019 WL 1491694, at *4 (N.D. Cal. Apr. 4, 2019) ("[T]he function and capacities of [telephony]

8

devices bear on the central factual issues before the trier of fact, [the expert's] opinions on these topics are relevant."). TruGreen cites no binding, contradictory authority. The Magistrate Judge did not act contrary to law. See White v. City of Cleveland, 417 F. Supp. 3d 896, 909-10 (N.D. Ohio 2019) ("[T]here is clearly legal authority that supports the Magistrate Judge's decision, and the fact that [a case] provides some support for the [objector's] argument is not enough to conclude [that] the Magistrate Judge's decision was . . . contrary to law."). The Magistrate Judge's order is not contrary to law for failing to follow nonbinding precedent.

**B. Waiver**

TruGreen argues that the Magistrate Judge acted contrary to law when he concluded that Stevens-Bratton had not waived her request for expert discovery. (ECF No. 206 at 17-20.) Whether a party has waived an opportunity is a legal question. See E.E.O.C. v. Burlington N. & Santa Fe Ry. Co., 621 F. Supp. 2d 603, 606 (W.D. Tenn. 2009).

Waiver is the intentional relinquishment or abandonment of a specific opportunity or course of action. Cf. PolyOne Corp. v. Westlake Vinyls, Inc., 937 F.3d 692, 697 (6th Cir. 2019) (quoting United States v. Olano, 507 U.S. 725, 733 (1993)). Waiver requires either the actual intent to relinquish an opportunity or course of action or conduct that would warrant such an inference. See

9

O'Sullivan Corp. v. Duro-Last, Inc., 7 F. App'x 509, 516 (6th Cir. 2001) (internal quotation and citation omitted). To establish waiver, there must be a clear, unequivocal, and decisive act of a party showing such a purpose to relinquish. See 28 Eclavea & Surette, American Jurisprudence, Estoppel and Waiver § 183 (2nd ed.) (citing D & S Realty, Inc. v. Markel Ins. Co., 280 Neb. 567, 588 (Neb. 2010), and Commonwealth ex rel. Pennsylvania Attorney Gen. Corbett v. Griffin, 596 Pa. 549, 566 (Pa. 2008)).

In reaching his decision that Stevens-Bratton had not waived her opportunity to conduct expert discovery, the Magistrate Judge said that "Stevens-Bratton moved for expert discovery promptly after the court's ruling on the first summary judgment motion[,]" and that "given this context, [her] delay was not so egregious as to constitute a waiver." (ECF No. 205 at 4.) TruGreen argues that the Magistrate Judge erred in finding that Stevens-Bratton had "moved for expert discovery promptly" because Stevens-Bratton made the "strategic decision" to wait "19 months" to request expert discovery, which is not "prompt[]." (See ECF No. 206 at 19-20.)

A brief review of the timing in this case establishes the "context" to which the Magistrate Judge referred. (ECF No. 205 at 4.) The parties agreed that Stevens-Bratton could move the court for expert discovery after merits discovery ended. (See ECF No. 116 at 4.) Merits discovery ended on July 31, 2018. (Id.) In September 2018, TruGreen filed an additional motion for partial

summary judgment, addressing Stevens-Bratton's claims unrelated to the ATDS issue.  (ECF No. 156.)  Stevens-Bratton spent the next two months responding to that motion.  (See ECF Nos. 162, 163.)  That motion became ripe at the end of November 2018.  (See ECF Nos. 170, 171.)  A little more than three months later, in March 2019, the Court held a status conference at which the parties agreed to put the case on hold until the Court ruled on the pending summary judgment motions.  (See ECF No. 178.)  In part, this was done to promote judicial economy and spare both parties expense if the Court granted either dispositive motion.  On February 4, 2020, the Court issued an order that disposed of the pending summary judgment motions.  (ECF No. 192.)  On February 14, 2020, ten days later, Stevens-Bratton asked to conduct expert discovery.  (See ECF No. 198.)  Stevens-Bratton could only have requested expert discovery within a seven-month period (August 2018 – March 2019), two months of which she spent responding to TruGreen's motion for summary judgment.  Given the short time and the two pending summary judgment motions, the Court agrees with the Magistrate Judge that it was not "egregious" for Stevens-Bratton not to request expert discovery.  (ECF No. 205 at 4.)  The context of the litigation does not support a conclusion that Stevens-Bratton intentionally, "clear[ly], unequivocal[y], and decisive[ly]" abandoned her opportunity to conduct expert discovery.  PolyOne Corp., 937 F.3d at 697; American Jurisprudence, Estoppel and Waiver § 183.  The

Magistrate Judge did not err in concluding that Stevens-Bratton did not waive her opportunity to conduct expert discovery.

## V. Conclusion

For the foregoing reasons, TruGreen's objections are OVERRULED.  The Magistrate Judge's order is AFFIRMED.

So ordered this 10th day of June, 2020.

                                       /s/  *Samuel H. Mays, Jr.*
                                       SAMUEL H. MAYS, JR.
                                       UNITED STATES DISTRICT JUDGE